1  Michael L. Mallow (SBN 188745)
   mmallow@shb.com
2  Rachel A. Straus (SBN 268836)
   rstraus@shb.com
3  SHOOK, HARDY & BACON L.L.P.
   2049 Century Park East, Suite 3000
4  Los Angeles, CA 90067-3204
   Tel: (424) 285-8330 | Fax: (424) 204-9093
5
   Amir Nassihi (SBN 235936)
6  anassihi@shb.com
   SHOOK, HARDY & BACON L.L.P.
7  One Montgomery, Suite 2600
   San Francisco, California 94104
8  Telephone: (415) 544-1900 | Facsimile: (415) 391-0281
9
10 Attorneys for Defendants
   TESLA, INC.
11
12              UNITED STATES DISTRICT COURT
13             CENTRAL DISTRICT OF CALIFORNIA

14 ROBERT FISH, an individual, and on      Case No. 8:21-cv-00060-JLS-JDE
   behalf of all others similarly situated
15                                          **DEFENDANT TESLA, INC.'S
              Plaintiff,                    ANSWER TO PLAINTIFF'S CLASS
16                                          ACTION COMPLAINT**
          v.
17                                          Complaint Filed: January 12, 2021
   TESLA, INC., a Delaware corporation
18
              Defendant.
19

20      1.    Defendant TESLA, INC. ("Tesla"), by its undersigned counsel, hereby

21 files the following Answer to Plaintiff ROBERT FISH's ("Plaintiff") Class Action

22 Complaint and its Affirmative Defenses:

23                        **JURISDICTION AND VENUE**

24      2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331

25 because the claims of Plaintiff and the Putative Class involve violations of federal

26 laws, including the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310 et seq., and the

27

28

4849-8639-7405 v1

Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. § 1030 et seq. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because all claims alleged herein arise from the same core of operative facts.

**ANSWER:** Tesla admits that subject matter jurisdiction is proper as to the claims against Tesla.

3.     This Court also has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(a)(1), (d)(1), (d)(2), and (d)(3) because the proposed classes consist of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. To date, Defendant Tesla as sold more than 1 million vehicles equipped with electric battery packs, including Models S, X, 3, and Y ("Class Vehicles").

**ANSWER:** Tesla admits it has sold more than 1 million all-electric vehicles. Tesla lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 3 and therefore denies the same.

4.     This Court has both specific and general personal jurisdiction over Defendant Tesla because it maintains minimum contacts with the United States, the judicial district, and this state. Defendant Tesla purposefully availed itself of the laws of this state by conducting a substantial amount of its business in the state, including designing, testing, manufacturing, and/or distributing Tesla vehicles, including the Class Vehicles, in this state. Tesla also developed, prepared, and disseminated warranty materials for the Class Vehicles within and from its headquarters in this state. Thousands of Class Vehicles were sold, leased, and delivered at various Tesla showrooms and service center locations throughout this state and this judicial district.

**ANSWER:** Tesla admits that jurisdiction is proper as to the claims against Tesla. Tesla admits its corporate headquarters is located in California but denies the remaining allegations in this paragraph.

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

5. Venue is proper in this judicial District under 28 U.S.C. § 1391(b) because Plaintiff purchased his Subject Vehicle in this District and a substantial part of the challenged conduct or omissions giving rise to claims occurred and/or emanated from this District and Defendant have cause harm to Class Members residing in this District.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies them.

**PARTIES**

6. Plaintiff resided in Irvine, California and is a citizen of the State of California. In 2014, Plaintiff purchased a new 2014 Tesla Model S 85 in Orange County ("Subject Vehicle") directly from Defendant Tesla.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies them.

7. Defendant Tesla, Inc., formerly Tesla Motors, Inc., ("Tesla") is a Delaware corporation, with its principal place of business in Palo Alto, California.

**ANSWER:** Tesla admits that it is a Delaware corporation with its principal place of business in Palo Alto, California.

8. Tesla is an auto manufacturer of electric vehicles, and its designs, manufacturers [sic], markets, distributes, and sells exclusively electric vehicles. Since 2012, Defendant Tesla designed, manufactured, distributed, marketed and sold the Tesla Model S electric vehicle ("Model S"), and later the Model X electric vehicle ("Model X"), Model 3 electric vehicle ("Model 3") and Model Y electric vehicle ("Model Y") in the United States, with a large concentration of vehicles sold in the state of California.

**ANSWER:** Tesla admits it designs, manufactures, advertises on its website, distributes, and sells all-electric vehicles. Tesla admits that since 2012 it designs, manufactures, distributes, advertises on its website, and sells the Tesla Model S, and

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

later the Model X, Model 3, and Model Y. Tesla admits it distributes, advertises on its website, and sells these vehicles in certain U.S. states. Tesla denies the remaining allegations in Paragraph 8.

9.      Tesla also regularly conducts business throughout the State of California and owns and operates a system of company-owned dealerships, service centers and charging stations within the jurisdiction of this Court. On information and belief, through Tesla's publicly filed financial reports and its website, Tesla designs, tests, and manufactures the Class Vehicles, throughout the State of California. Tesla also utilizes promotional videos which are purporting to show the operation of Class Vehicles in California.

**ANSWER:** Tesla admits it conducts business in the State of California and owns and operates a system of company-owned dealerships, service centers and charging stations within California. Tesla's publicly filed financial reports and its website speak for themselves, and to the extent the allegations in Paragraph 9 vary therewith, Tesla denies them. Tesla denies the remaining allegations in paragraph 9.

10.      At all times relevant to this action, Tesla, marketed, distributed, advertised, leased, sold, and warranted the Class Vehicles by and through its dealerships and service centers location nationwide with many of them located in California.

**ANSWER:** Tesla admits it advertises on its website, distributes, leases, sells, and warrants its all-electric vehicles through its dealerships. Tesla denies the remaining allegations in paragraph 10.

## FACTUAL BACKGROUND

### Subject Vehicle

11.      Plaintiff purchased the Subject Vehicle directly from Defendant Tesla in Orange County, CA in 2014.

1  **ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as

2  to the truth of the allegations in Paragraph 11 and therefore denies them.

3  12.   When Plaintiff purchased the Subject Vehicle and for several years

4  following, Plaintiff regularly got over 200 miles of range from an 80% drain of the

5  battery (90% to 10%), which was approximately equivalent to the maximum stated

6  range of 265 miles (100% to 0%)

7  **ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as

8  to the truth of the allegations in Paragraph 12 and therefore denies them.

9  13.   Prior to and after purchasing his vehicle, Plaintiff understood the basic

10  concepts surrounding battery-powered electric vehicles, including the comprehension

11  that lithium-ion batteries such as the ones that are used to power Tesla vehicles will

12  lose some capacity over time. Plaintiff understood this as consistent with the wording

13  in Tesla's Battery and Drive Unit Limited Warranty which stated: "The Battery, like

14  all lithium-ion batteries, will experience gradual energy or power loss with time and

15  use."

16  **ANSWER:** Tesla's Battery and Drive Unit Limited Warranty speaks for itself

17  and to the extent the allegations in paragraph 13 vary therewith, Tesla denies them.

18  Tesla lacks knowledge or information sufficient to form a belief as to the truth of the

19  allegations in Paragraph 13 and therefore denies them.

20  14.   Plaintiff notes that Tesla strongly recommends owners of Class Vehicles

21  limit charge and discharge of battery packs between 20% and 80% capacity, and to

22  limit Supercharging sessions to prevent battery damage. Plaintiff regularly operates

23  the Subject Vehicle within the 20% to 80% battery capacity range, and to the best of

24  his knowledge has never used a Tesla Supercharger.

25  **ANSWER:** Tesla's owners' manuals, website, and other public disclosures

26  speak for themselves and to the extent the allegations in paragraph 14 vary therewith,

27

28

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

Tesla denies them. Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15. In August 2020, with less than 60,000 miles on the odometer of the Subject Vehicle, Plaintiff noticed a significant loss in actual range traveled from a near fully charged battery. Where previously Plaintiff received the range stated above, as displayed on the Subject Vehicle's dashboard, he now only received a maximum of 150 miles of actual traveled range from a 99% charged battery. This is despite the car still displaying 245 miles of available range at 99% charge. In other words, Plaintiff received only about 60% of traveled range, as compared to the estimate range for a new battery.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them.

16. In August 2020, Plaintiff contacted a Tesla service technician to inquire about the substantial loss of range and effective battery capacity of the Subject Vehicle's battery pack. The service technician instructed Plaintiff to determine battery capacity by focusing on his vehicle's displayed percent battery state of charge, instead of range.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies them.

17. Plaintiff then logged energy usage during drives with the Subject Vehicle through August 2020. As the charge dropped from 99% to 61%, the dashboard recorded battery usage of 16.4 kWh. This demonstrated that the battery capacity was only 43.16 kWh (16.4 kWh/.38 = 43.16 kWh).

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18. Assuming an 85-kWh battery has a usable capacity of 85 kWh, the battery of the Subject Vehicle was obtaining only 51% of its stated capacity.

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

19.   On information and belief, Tesla might argue that an 85-kWh battery has only 81 kWh of usable capacity, or even perhaps only 77.5 kWh of usable capacity. Aside from the potential fraud in failing to tell the buying and investing public about those numbers, the battery capacity of the Subject Vehicle is still only about 53% or 56% of represented capacity.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies them.

20.   The following chart summarizes estimated battery capacity from multiple checkpoints during the August 2020 test.

| Battery % | kWh Used | % Battery Used | Battery capacity kWh | % of 85 kWh Capacity | % of 81 kWh Capacity | % of 77.5 kWh Capacity |
|---|---|---|---|---|---|---|
| 99 | 0 | 0.00 | | | | |
| 72 | 13.8 | 0.27 | 51.11 | 60% | 63% | 66% |
| 61 | 16.4 | 0.38 | 43.16 | 51% | 53% | 56% |
| 53 | 18.1 | 0.46 | 39.35 | 46% | 49% | 51% |
| 44 | 21.5 | 0.55 | 39.09 | 46% | 48% | 50% |
| 18 | 38.3 | 0.81 | 47.28 | 56% | 58% | 61% |
| 11 | 42.4 | 0.88 | 48.18 | 57% | 59% | 62% |

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

21.   These observations show the battery capacity of the Subject Vehicle is consistently less than 70% of the represented battery capacity

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies them.

22.     On information and belief, Tesla represented to Plaintiff and to owners of Class Vehicles, that the ideal battery capacity range to operate the vehicles is between 20% and 80% capacity. However, even considering operation of the Subject Vehicle within this supposedly optimum operating range, the battery capacity of the Subject Vehicle is less than 70% of the represented battery capacity. See chart below.

| Battery % | kWh Used | % Battery Used | Battery capacity kWh | % of 85 kWh Capacity | % of 81 kWh Capacity | % of 77.5 kWh Capacity |
|---|---|---|---|---|---|---|
| 85-18 | 31.5 | 0.67 | 47.1 | 55.41% | 58.15% | 60.77% |
| 56-48 | 4 | 0.08 | 50 | 58.82% | 61.73% | 64.52% |

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them.

23.     Nor could low temperatures be responsible for the low battery capacity of the Subject Vehicle. Ambient temperatures for data shown in the charts above were always at least 75° Fahrenheit.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies them.

24.     Accordingly, on information and belief, the Subject Vehicle met the criteria for replacing defective battery packs under warranty, and Tesla should have honored the warranty and replaced the battery of the Subject Vehicle for free.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies them.

25.     Plaintiff reported the above results to Tesla technicians to make a warranty claim to replace the defective battery pack in the Subject Vehicle. However, despite Plaintiff's detailed observations that clearly demonstrated a defective battery,

the Tesla technician allegedly performed a remote "battery health check" and determined there were no issues with the battery. Other than stating the battery was fine, the Tesla technician did not report any details of the mysterious "health check," what was being measured to determine "health," how the check was performed, or what metric and criteria was used to determine there were no issues with the battery in the Subject Vehicle. The Tesla technician denied Plaintiff's claim for a warranty replacement of the battery pack. Plaintiff clearly told the Tesla technician this was unacceptable and demanded replacement of the Subject Vehicle battery pack under warranty but was provided with no alternative resolution other than to file the present suit.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them.

26.   On information and belief, Tesla has standard practice of using fraudulent and deceptive "battery health checks" as a basis to deny warranty claims to replace defective batteries.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies them.

27.   Also, on information and belief, Tesla has attempted to hide failing battery capacity, which *necessarily* occurs from age and use of Lithium Ion technology batteries, behind software updates. Accordingly, the Plaintiff and other putative Class Members have largely avoided demanding battery replacements under warranty because they were fooled into thinking that the losses they were experiencing in battery capacity were due to software updates instead of failing batteries.

**ANSWER:** Tesla denies the first sentence of paragraph 27. Tesla lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and therefore denies them.

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

28.     Following Tesla's refusal to replace the Subject Vehicle's battery under warranty, Plaintiff continued to monitor actual battery capacity and miles traveled for the Subject Vehicle. As recently as December 2020, Plaintiff consistently experienced traveling an actual 128.2 miles over a 90% to 1% battery draw down. This results in an actual mile range of 144 miles for 100% battery charge, or 54.4% of the 265-mile original range.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them.

29.     Upon information and belief, and close examination of the data available for Plaintiff's vehicle, and the warranty replacement criteria as disclosed by Tesla, Tesla violates state and federal warranty statutes and engages in fraudulent and deceptive behavior by denying replacement for defective batteries. Tesla also knew, or should have known, that the Subject Vehicle has a defective battery that should be replaced under warranty, and that hundreds of thousands of other putative Class Vehicles have batteries that should be replaced under warranty, or will need to be replaced under warranty.

**ANSWER:** Denied.

30.     On information and belief, in addition to Tesla failing to properly honor the warranty for the Subject Vehicle, Tesla has also manipulated the software to display inflated estimated driving ranges. For example, the Subject Vehicle displayed a 245-mile estimated range at a 99% charge, with the range estimate based on almost 60,000 miles of historical driving. And yet the actual miles traveled from 99% charge to 11% charge was only 135.1 miles, which means that even driving the Subject Vehicle to a displayed charge of 0% would have yielded only 154 miles.

**ANSWER:** Tesla denies the first sentence of paragraph 30. Tesla lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore denies them.

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

31.    Tesla's efforts to artificially inflate the estimated range is a fraud on Class Members to obscure the fact that battery packs in Class Vehicles are defective or have otherwise significantly reduced effective charge capacity. This fraud is an attempt by Tesla to avoid honoring legitimate warranty obligations for defective battery packs.

**ANSWER:** Denied.

32.    On information and belief, similar losses in battery capacity, and similarly inflated estimated driving ranges, have or will occur for essentially all of the Tesla vehicles sold to date. And essentially all such vehicles should be deemed to be eligible as Class Vehicles.

**ANSWER:** Denied.

33.    On information and belief, all or substantially all of Tesla's vehicles sold with Lithium Ion batteries, as well as those sold in the future, are subject to having the same sort of problems with reduced battery capacity as the Subject Vehicle.

**ANSWER:** Denied.

34.    On information and belief, Tesla cannot be trusted to properly instruct all potential Class Members of the reduced battery capacity in their Lithium Ion powered vehicles. Accordingly, it seems reasonable to require Tesla to cooperate with Plaintiff and Plaintiff's attorneys to provide instructions to all current and future owners of Tesla Lithium Ion powered vehicles for self-testing of their batteries. Batteries of vehicles within the warranty period should be given a free battery replacement if the owners find the batteries to require replacement according to the following table, when discharged from 99% to 10%, or such other parameters as determined by the Court or jury.

| Battery Size | Total Capacity kWh | Usable Capacity kWh | 70% Usable Capacity |
|---|---|---|---|
| Original 60 | 61 | 58.5 | 40.95 |
| Original 70 | 71.2 | 68.8 | 48.16 |

| 75/75D | 75 | 72.6 | 50.82 |
| 85/P85/85D/P85D | 81.5 | 77.5 | 54.25 |
| 90D/P90D | 85.8 | 81.8 | 57.26 |

**ANSWER:** Denied.

35.     On information and belief, a reasonable fee for Plaintiff and Plaintiff's attorneys to assist in this regard is $100 per vehicle.

**ANSWER:** Denied.

**There Are Widespread and Common Complaints**

**of Tesla's Defective Battery Issues**

36.     In 2019 many Tesla customers noticed and began to complain about range loss and battery issues. For example, one discussion titled "Sudden Loss of Range With 2019.16.x Software" on the popular Tesla Motors Club online forum website has garnered nearly 3,000 replies from hundreds of members worldwide and has been viewed over 136,000 times.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies them. The contents of the online forum referenced in paragraph 36 speaks for itself, and to the extent the allegations in paragraph 36 vary therewith, Tesla denies those allegations.

37.     Numerous members of that forum made the same complaint of significant reduction in range or effective battery capacity of their cars.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies them. The contents of the online forum referenced in paragraph 37 speaks for itself, and to the extent the allegations in paragraph 37 vary therewith, Tesla denies those allegations.

38.     One member commented: "So about two months ago I was stuck on 2019.4 because my MCU was dying and unable to connect to Wi-Fi to update and eventually died from the e-MMC issue. My replacement MCU came with 2019.24

4849-8639-7405 v1

installed and after driving my car for less than 50 miles I dropped from 221 rated miles at 90% to 199 rated miles at 90%."

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the information allegedly posted by owners and lessees to the Tesla Motors Club online forum website referenced in this paragraph and therefore denies the same. The contents of the online forum referenced in paragraph 38 speaks for itself, and to the extent the allegations in paragraph 38 vary therewith, Tesla denies those allegations.

39.    Another member commented: "When I complained to Tesla about immediately losing 10% range they also gave me a chart claiming there was nothing wrong I was just imagining it. Over time, and challenges, Tesla admitted there is a loss. Last week I was told by Tesla service manager that 'Tesla made a conscious decision to reduce charging capacity to 90% to avoid fires and Tesla regards that as a reasonable compromise.' I feel this makes the car unsellable since Tesla hasn't fully explained why my specific battery pack I need to disclose it to a buyer. And I am not confident that the issue is resolved. It also confirms that my (our) battery pack is defective since Tesla thought it dangerous enough to secretly download a 'fix'. The reduced range is accompanied by longer charge time. Even if I accept the defective battery pack condition and drive the car I now am faced with increased time to actually get any range."

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the information allegedly posted by owners and lessees to the Tesla Motors Club online forum website referenced in this paragraph and therefore denies the same. The contents of the online forum referenced in paragraph 39 speaks for itself, and to the extent the allegations in paragraph 39 vary therewith, Tesla denies them.

4849-8639-7405 v1

40.     Others commented: "Well, my 254 miles has been cut to 238 miles at full charge (This is especially bad for those of us that tow… We need the longer range and can't afford to have it shortened). Tesla better be upfront and explain why I have to sacrifice 14 miles."

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the information allegedly posted by owners and lessees to the Tesla Motors Club online forum website referenced in this paragraph and therefore denies them. The contents of the online forum referenced in paragraph 40 speaks for itself, and to the extent the allegations in paragraph 40 vary therewith, Tesla denies them.

41.     Still others commented: "Are they now at risk of having a car fire in their garage while they sleep? If it's not about the fires, then why do this cap at all? Prevent future degration? (sic) Well they just degraded them now instead of the future, what's the point in that? I can't see how you can say this about expectation. The manufacturer physically capped battery capacity of vehicles they do not own without an explanation. How can you possibly view this as being ok?"

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the information allegedly posted by owners and lessees to the Tesla Motors Club online forum website referenced in this paragraph and therefore denies them. The contents of the online forum referenced in paragraph 41 speaks for itself, and to the extent the allegations in paragraph 41 vary therewith, Tesla denies them.

42.     Another member commented: "My observation has been that unstated battery losses are at about 20%. For example, your car states you have 200 miles available to drive. But in reality, you can probably get about 160 Miles (give or take). Thus the true stated mileage of your Tesla vehicle is about 20% less than what's being advertised… You think you're going to get 235 miles of use, but only get about 190 Miles. This is from normal driving, street and highway. ** Recent Example: 210 Miles Available; 118.5 Miles driven since last charge; 35.4 KHW since last charge;

298 WH/Miles since last charge; Battery Left Over indicator Reads: 54 miles. A phantom loss of 37.50 Miles or 17.85%"

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the information allegedly posted by owners and lessees to the Tesla Motors Club online forum website referenced in this paragraph and therefore denies them. The contents of the online forum referenced in paragraph 42 speaks for itself, and to the extent the allegations in paragraph 42 vary therewith, Tesla denies them.

43.    Other comments include: "I'm not using any apps or gadgets… All I know is that at full charge, my vehicle says 240 miles available… At the end of my trip, my vehicle may say 50 miles available and 142 Miles Driven. Thus 48 Miles disappeared…"

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the information allegedly posted by owners and lessees to the Tesla Motors Club online forum website referenced in this paragraph and therefore denies the same. The contents of the online forum referenced in paragraph 43 speaks for itself, and to the extent the allegations in paragraph 43 vary therewith, Tesla denies them.

44.    Further comments include: "Personal current battery capacity (driven) = 43.5kWh/(90% SoC – 11% SoC) = 55.06kWh. This would equate to a roughly 24.15% battery degradation in 2 years/17.5k miles, which is atrocious."

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the information allegedly posted by owners and lessees to the Tesla Motors Club online forum website referenced in this paragraph and therefore denies the same. The contents of the online forum referenced in paragraph 44 speaks for itself, and to the extent the allegations in paragraph 44 vary therewith, Tesla denies them.

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

45.     Another member stated: "By the way, my 2016 90D has a real full charge range of 190-200 miles. And the displayed full charge range is 270 miles. So, full charge range displayed may not be indicative of real range or real battery capacity."

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the information allegedly posted by owners and lessees to the Tesla Motors Club online forum website referenced in this paragraph and therefore denies the same. The contents of the online forum referenced in paragraph 45 speaks for itself, and to the extent the allegations in paragraph 45 vary therewith, Tesla denies them.

46.     On information and belief, Tesla has a common practice of denying warranty replacements for defective battery packs in Class Vehicles, or otherwise substantially limits available battery capacity of Class Vehicles via software updates to hide known safety issues.

**ANSWER:** Denied.

**Tesla Manipulates Range Calculations to Hide Defective Battery Packs and Escape Warranty Obligations**

47.     Upon information and belief, and by and through the further investigation of Plaintiff and counsel for Plaintiff, these complaints are valid.

**ANSWER:** Denied.

48.     Upon information and belief, Tesla uses formulas to determine the rated mileage ranges for its various vehicles. In general, Tesla divides a total amount of usable battery capacity (kWh) by a fixed constant factor (watt-hours/mile) to determine the total number of rated miles.

**ANSWER:** Tesla admits the rated mileage range displayed is based on EPA test data. Tesla denies the remaining allegations in paragraph 48.

49.     Upon information and belief, Tesla has lowered the numbers for the fixed

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

constant factors (watt-hours/mile), which has the practical effect of giving the false impression that more miles are available, or that batteries have a falsely inflated capacity. On information and belief, Tesla used the lowered fixed constant factors at least in part to hide decreased battery capacity. Customers like Plaintiff and the putative Class Members relied upon the estimated number of miles and effective battery capacity that Tesla fraudulently represented to them. However, what they did not know after purchasing the Class Vehicles is/was that Tesla manipulates the fixed constant facts (watt-hours/mile) at least in part to avoid valid battery replacements under warranty.

**ANSWER:** Tesla denies the allegations in the first two sentences of paragraph 49. Tesla lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and therefore denies them.

50.     Some Class Vehicles are advertised with a number after the model letter, which indicates the supposed battery capacity of the vehicle. For example, the Tesla Model S 85 is advertised as an "85 battery" denoting a battery capacity of 85 kWh. However, even though Tesla doesn't admit it, there is evidence in the public domain that Model S 85 vehicles include a battery pack with a maximum capacity of only 81 kWh, of which only 77.5 kWh are available for powering the vehicles.

**ANSWER:** Tesla admits that some of its all-electric vehicles are advertised with a number after the model letter which may indicate the battery-pack size. Tesla lacks knowledge or information sufficient to form a belief as to the truth of then remaining allegations in Paragraph 50 and therefore denies them.

51.     Upon information and belief, Tesla has fraudulently and/or deceptively lowered the fixed constant factors (watts-hours/mile) to avoid its duty and legal obligation to replace defective battery packs under warranty.

**ANSWER:** Denied.

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

52.    Upon information and belief, Tesla has attempted to further escape from its legal obligations by using confusing terms, relying on terms such as "Rated Miles" or "Rated Range," when the actual term that Tesla should be using is Battery Capacity calculated by the kilowatt-hour (kWh). Tesla does not display the amount of battery capacity kWh on any user information display available on the vehicle. Owners are only given access to the displayed percentage and rated range as displayed on the vehicle display.

**ANSWER:** Tesla denies the first sentence of paragraph 52. Tesla admits that it does not display the amount of battery capacity on the MCU of its all-electric vehicles. Drivers have the option to view miles in rated range, ideal miles, and percentage.

53.    On information and belief, Plaintiff's vehicle and Class Vehicles display their Rated Range based on the battery management system reporting the nominal remaining kWh minus the battery brick buffer (believed to be 4 kWh) divided by the reduced fixed constant factor (watt-hours/mile).

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

54.    Upon information and belief, battery packs in Class Vehicles have a substantially reduced battery capacity, either because of defective battery packs that cannot reach the rated battery capacity or by software manipulation of the battery management system to limit maximum battery capacity, or at least they will have substantially reduced battery capacity before the end of the warranty period, and absent judicial intervention Tesla will refuse to replace the batteries under warranty.

**ANSWER:** Denied.

55.    Upon information and belief, Tesla was aware that its customers and owners fully expected to be able to charge their Class Vehicles to the maximum battery capacities as advertised and paid for. However, Tesla realized the mistakes it

1    had made by fraudulently advertising and selling to Plaintiff and the putative Class
2    Members cares that could not be safely charged to the maximum battery capacity, and
3    has used denial and obfuscation to prevent owners from pursing their right to free
4    battery replacements under warranty.

5              **ANSWER:** Denied.

6              56.    Upon information and belief, Tesla's failure to inform its customers, and
7    comment on the defective battery packs, is simple: Tesla did not want to admit it sold
8    defective products to its customers, products that could not achieve or operate as sold
9    and intended for use by Plaintiff and the putative Class Members. Instead of coming
10   clean with the public, Plaintiff, and the putative Class Members by informing them
11   about the defective batteries, Tesla decided to withhold this information and use
12   denial, and obfuscation through software updates and throttling of the batteries, to
13   avoid liability.

14             **ANSWER:** Denied.

15             57.    Plaintiff's use of the Subject Vehicle is substantially and significantly
16   affected by Tesla's fraudulent concealment and manipulation of software, to the point
17   that Plaintiff is forced to pay out-of-pocket costs to replace a battery pack that should
18   have been replaced under warranty, but for Tesla's deceptive acts and unfair business
19   practices.

20             **ANSWER:** Denied.

21             58.    Upon information and belief, hundreds of thousands of other Tesla
22   vehicles of putative Class Members either are currently or will be harmed by Tesla's
23   efforts to avoid replacing batteries under warranty.

24             **ANSWER:** Denied.

25             59.    Upon close examination of the data available on Plaintiff's vehicle, and
26   the warranty replacement criteria as disclosed by Tesla, Plaintiff is informed and
27   believes that Tesla also violates state and federal warranty statutes and engages in

28

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

fraudulent and deceptive behavior by manipulating the software for its vehicles. Tesla knew, or should have known, that the software updates issued to Plaintiff and hundreds of thousands of other putative Class Members' vehicles would cause significant range loss, whether or not the battery packs on those vehicles are defective.

**ANSWER:** Denied.

60.    For example, in August 2014 Tesla gave what was called the "Tesla Infinite Mile Warranty" to Class Vehicles. As Tesla represented and displayed on their website, the warranty included an 8-year, infinite mile warranty as to the battery pack and drive train of Tesla's vehicles. In addition, the warranty applied to all models produced in the future and applied retroactively to all prior models already produced at the time.

**ANSWER:** Tesla's Infinite Mile Warranty speaks for itself and to the extent the allegations in paragraph 60 vary therewith, Tesla denies them.

61.    Tesla's practice of misrepresenting battery capacity and actual range is a deliberate and deceptive attempt to place Plaintiff's vehicle and the vehicles of other putative Class Members outside of the warranty replacement requirements.

**ANSWER:** Denied.

62.    If Plaintiff were to purchase a replacement battery from Tesla to restore the Subject Vehicle to its warranted functionality and usability, the price would be approximately $20,000. Tesla has acted fraudulently and attempts to shift the burden of these costs and label them as out-of-warranty. Absent judicial intervention, Plaintiff and other putative Class Members are left helpless as Tesla sits in the ultimate bargaining position with absolute reign over the warranty process, and ability to control the variables that are relied upon in determining warranty coverage.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the first sentence in paragraph 62. Tesla denies the remaining allegations in paragraph 62.

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

**Tesla Owners Have No Choice but To Accept Software Updates**

63.    To be eligible for warranty repair and coverage for Tesla's vehicles, Tesla owners must update their vehicles regularly, and are unable to operate their vehicles without Tesla's software.

**ANSWER:** To the extent the allegations in paragraph 63 purport to summarize or state the contents of Tesla's warranties, Tesla refers the Court to all relevant warranties, which speak for themselves, and to the extent the allegations in paragraph 63 vary therewith, Tesla denies them. Tesla denies all remaining allegations in paragraph 63.

64.    Though Tesla owners may have the choice to postpone software updates, Class Members are left helpless due to Tesla's demand and imposition of terms that require owners to comply with Tesla's software updates. Moreover, if a Class Member takes a Class Vehicle into a Tesla service station, the technicians will update the software without permission from the owner.

**ANSWER:** Tesla admits that owners may have the choice to postpone software updates. Tesla denies the remaining allegations in paragraph 64.

65.    Any attempts by Tesla to limit liability for its software updates is unconscionable and unenforceable, as Tesla's software updates are necessary for consumers to continue the use of Class Vehicles while still maintaining the full realization and benefit of the consumers' bargain.

**ANSWER:** Denied.

66.    Upon information and belief, Tesla imposed updates that significantly reduced the effective battery capacity of Class Vehicles to cover up defective battery packs and avoid warranty claims.

**ANSWER:** Denied.

**Tesla's Violations of the Computer Fraud and Abuse Act**

**(18 U.S.C. § 1030 *et seq.*)**

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

67.     The Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. § 1030 *et seq.*, establishes a private cause of action against a person who "knowingly accessed a computer without authorization or exceeding authorized access," and whose access results in damage or loss in excess of $5,000. 18 U.S.C. § 1030(g) (referencing 18 U.S.C. § 1030(c)(4)(A)(i)(I)). Under the CFAA, a computer is defined as one, "which is used in or affecting interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2).

**ANSWER:** The allegations in paragraph 67 contain legal conclusions for which no answer is required. The CFAA speaks for itself, and to the extent the allegations in paragraph 67 vary therewith, Tesla denies them.

68.     Class Vehicles are equipped with an onboard computer known as a media control unit, or "MCU", which allows for internet, GPS and Wi-Fi connected capabilities, and serves as the platform for receiving Tesla's software updates. The MCU an LCD display, processors, controllers, and memory.

**ANSWER:** Tesla admits that its all-electric vehicles are equipped with a media control unit which allows for internet, GPS and Wi-Fi connected capabilities, and serves as a platform for receiving Tesla's software updates. The remaining allegations in paragraph 68 are incoherent and therefore Tesla lacks knowledge or information sufficient to form a belief as to the remaining allegations and denies them.

69.     Tesla's MCU's are "computers" under the CFAA by virtue of their data processing and communication functions and their operation in conjunction with Plaintiff and the putative Class Members' vehicles. They are used in and affect interstate and foreign commerce and communication by providing key information to Tesla vehicles, including software updates that may affect the safety and improve upon the reliability of the same.

**ANSWER:** Paragraph 69 contains conclusions of law, to which no response is required.

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

70.     Tesla knowingly and intentionally manipulated its software updates in order to limit the amount of battery capacity and charging speed of its vehicles and did so either without authorization and/or exceeding the authorization of its customers. Tesla failed to provide any information to its customers that such software updates would lead to a significant reduction in charging speed, performance, and severe loss of range for their vehicles.

**ANSWER:** Denied.

71.     Tesla further acted fraudulently and under the guise of "safety" as the reason for the software updates, to the detriment of its customers. Tesla's violation of the CFAA resulted in a loss of range and resultant loss in value for the Class Vehicles.

**ANSWER:** Denied.

72.     By issuing the range-reducing and battery capacity-limiting software updates to the vehicles owned by Plaintiff and the other putative Class Members, Tesla also violated California's Computer Crime Law, CAL. PEN. CODE § 502 *et seq.*, which prohibits similar behavior as provided by its federal counterpart.

**ANSWER:** Denied.

73.     Plaintiff and the putative Class Members owned their vehicles and possessed the right to use them without interference by Tesla. However, by limiting the range of their vehicles and reducing the charging speed and performance of the vehicles, Tesla has inflicted damages to Plaintiff and the putative Class Members in the form of substantially reducing the value of their cars.

**ANSWER:** Denied.

74.     Plaintiff and the putative Class Members have no choice but to abide by Tesla's commands and are forced to accept Tesla's software updates or risk losing the ability to receive warranty repair from Tesla. Plaintiff and the putative Class Members would not have paid as much as they did for their cars, or would have paid significantly less for their cars had they known that Tesla would introduce range and

4849-8639-7405 v1

battery capacity-limiting software that would significantly and severely impact the value and function of their cars after purchase.

**ANSWER:** Denied.

**Tesla is Notorious for Producing and Selling Vehicles**

**with Defective Battery Packs**

75.     Class Vehicles have a history of including defective or faulty battery packs, as evidenced by the number of spontaneous fires caused by battery packs across multiple model years.

**ANSWER:** Denied.

76.     On information and belief, Defendant Tesla has been aware of these faults and defects in its battery packs since at least 2012.

**ANSWER:** Denied.

77.     Tesla's deployment of software "updates" has significantly affected the use and drastically limited the performance of the Class Vehicles. Tesla severely limits the maximum amount of battery capacity available in the Class Vehicles, and essentially took away significant value from these vehicles with one tap on the screen.

**ANSWER:** Denied.

78.     Customers rely on Tesla's representations and advertisements of their vehicles and are left at the mercy of Tesla when it comes to ownership of their vehicles. Plaintiff and other putative Class Members updated their cars as required by Tesla's warranty. Plaintiff and other putative Class Members were unaware of the fact that the software updates would effectively limit the maximum amount of battery capacity available in their cars, which translated into a decrease in the number of miles available, a decrease in performance and decrease in the charging speed of their cars. All of these limitations were unlawfully, fraudulently, and deceptively delivered to their cars as part of Tesla's so-called software "updates" for "safety" of their vehicles.

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

**ANSWER:** Tesla denies the allegation that customers "are left at the mercy of Tesla when it comes to ownership of their vehicles." Tesla further denies the last sentence of paragraph 78. Tesla lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 78 and therefore denies them.

79.     In February 2014, a Tesla Model S spontaneously caught fire in Toronto, Canada. On information and belief, the fire was caused by the battery pack of the car.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 79 and therefore denies them.

80.     In March of 2017, a Tesla Model S spontaneously caught fire in Shanghai, China. On information and belief, the fire was caused by the battery pack of the car.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 80 and therefore denies them.

81.     On June 16, 2018, the battery pack of a Tesla Model S spontaneously caught on fire in Los Angeles, CA while the owner was sitting in traffic.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 81 and therefore denies them.

82.     On June 18, 2018, a Tesla Model S spontaneously caught fire in Oslo, Norway. On information and belief, the fire was caused by the battery pack of the car.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 82 and therefore denies them.

83.     On December 18. 2018 a Tesla Model S spontaneously caught fire in Los Gatos, CA. After moving the car to a second location for inspection, the car again spontaneously erupted in flames. On information and belief, the fire was caused by the battery pack of the car.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 83 and therefore denies them.

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

84.    On December 21, 2018, a Tesla Model S spontaneously caught on fire in San Francisco, CA. After extinguishing the fire, the car again erupted in flames hours later. On information and belief, the fire was caused by the battery pack of the car.

**ANSWER:**  Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 84 and therefore denies them.

85.    On February 8, 2019, a Tesla Model S spontaneously caught on fire in a private garage in Pittsburgh, PA. The car was transported to another location for inspection, and again spontaneously caught on fire on April 17, 2019. On information and belief, the fires were caused by the battery pack of the car.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 85 and therefore denies them.

86.    On February 24, 2019, a Tesla Model X spontaneously caught fire and was consumed in the middle of frozen Lake Champlain, VT. On information and belief, the fire was caused by the battery pack of the car.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 86 and therefore denies them.

87.    On March 14, 2019, a Tesla Model S spontaneously caught fire while parked in Hong Kong. On information and belief, the fire was caused by the battery pack of the car.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 87 and therefore denies them.

88.    On April 21, 2019, a Tesla Model S vehicle was caught on video bursting into flames while parked in a garage in Shanghai, China. On information and belief, the fire was caused by the battery pack of the car.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 88 and therefore denies them.

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

89.     On May 4, 2019, a Tesla Model S spontaneously caught fire and began smoking in San Francisco, CA. On information and belief, the fire and smoke was caused by the battery pack of the car.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 89 and therefore denies them.

90.     On May 13, 2019, a Tesla Model S spontaneously caught fire while parked in Hong Kong. On information and belief, the fire was caused by the battery pack of the car.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 90 and therefore denies them.

91.     On June 1, 2019, a Tesla Model S spontaneously caught fire in Antwerp, Belgium. On information and belief, the fire was caused by the battery pack of the car.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 91 and therefore denies them.

92.     On July 30, 2019, a Tesla Model S spontaneously caught fire in Ratingen, Germany. On information and belief, the fire was caused by the battery pack of the car.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 92 and therefore denies them.

93.     On November 12, 2019, a Tesla Model X spontaneously caught fire in Chester, England. On information and belief, the fire was caused by the battery pack of the car.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 93 and therefore denies them.

94.     On February 12, 2020, a Tesla Model 3 spontaneously caught fire in Cerritos, CA. On information and belief, the fire was caused by the battery pack of the car.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 94 and therefore denies them.

95.   On May 22, 2020, a Tesla Model S spontaneously caught fire in Kaysville, UT. On information and belief, the fire was caused by the battery pack of the car.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 95 and therefore denies them.

96.   On July 8, 2020, a Tesla Model S spontaneously caught fire in Coral Gables, FL. On information and belief, the fire was caused by the battery pack of the car.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 96 and therefore denies them.

97.   On or about November 25, 2020, a Tesla Model S spontaneously caught fire in Frisco, TX. On information and belief, the fire was caused by the battery pack of the car.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 97 and therefore denies them.

98.   On or about December 21, a Tesla Model 3 spontaneously caught fire in Lincoln, NE. On information and belief, the fire was caused by the battery pack of the car.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 98 and therefore denies them.

99.   To date, Tesla has failed to provide its customers with any further information regarding the cause of these fires and has failed to inform customers as to which vehicles are potentially at risk of catching fire.

**ANSWER:** Denied.

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

100.   On May 15, 2019, just under one month after having investigated the Shanghai fire, Tesla issued a software update to all Model S and X cars and informed users that the updates were merely "out of an abundance of caution." Tesla also provided that the over-the-air software update would change some settings in the cars' battery management software (BMS) that were related to charging and thermal controls. On information and belief, the May 15, 2019 software update was an attempt to cure problems related to defective battery packs.

**ANSWER:** Tesla admits that on May 15, 2019, it issued a software update to Model S and X vehicles. The correspondence referenced in this paragraph speaks for itself, and to the extent the allegations in paragraph 100 vary therewith, Tesla denies those allegations.  Tesla denies the remaining allegations in this paragraph.

101.   Even after the May 15, 2019 software update, defective battery packs continued to cause fires in Class Vehicles as noted above.

**ANSWER:** Denied.

## CLASS ACTION ALLEGATIONS

102.   Plaintiff brings this class action pursuant to FED. R. CIV. P. 23(a) and (b)(3) on behalf of a proposed Class defined as:

> All persons who purchased or leased a Class Vehicle for end use and not for resale in the United States, the District of Columbia, Puerto Rico, and all other United States territories and protectorates.

**ANSWER:** Paragraph 102 contains allegations regarding Plaintiff's class definition and does not require a response from Tesla. However, Tesla denies that Plaintiff has properly defined a class or that the proposed class can be certified.

103.   Excluded from the Class are Tesla and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; the judicial officers, and their immediate family members; and Court staff assigned to this case.

Plaintiffs reserve the right to modify or amend definitions of the Class, and to add additional classes and sub-classes, as appropriate during the course of this litigation.

**ANSWER:** Paragraph 103 contains allegations regarding those persons who are excluded from Plaintiff's class definition and does not require a response from Tesla. However, Tesla denies that Plaintiffs have properly defined a class or that the proposed class can be certified.

104.   This action has been brought and may properly be maintained on behalf of the Class Members proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure. There is a well-defined community of interest in the litigation and the proposed class is ascertainable.

**ANSWER:** Denied.

105.   Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

**ANSWER:** Denied.

106.   **Numerosity:** The Class consists of potentially hundreds of thousands of geographically disperse people, such that joinder would be impracticable. While Plaintiff believes that there are potentially hundreds of thousands od members of the putative Class, the precise number of Class Members is unknown to them but may be ascertained from Tesla's books and records. Class Members may be notified of the pendency of this action by recognized, court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

**ANSWER:** Denied.

107.   **Typicality:** The claims of Plaintiff are typical of the claims of Class Members in that Plaintiff, like all Class Members, purchased Tesla vehicles, all of

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

which Plaintiff is informed and believe have similar lithium ion batteries, are subject to substantially the same warranties, and therefore already have or will have in the future, the same reduced effective battery capacity, either by defect or software manipulation, or both.

**ANSWER:** Denied.

108. **Predominance of Common Issues:** There are numerous questions of law and fact, including those related to Defendant's knowledge, conduct, and duty throughout the events described in this Complaint, common to Plaintiff and Class Members. These common legal and factual issues include.

a. Whether Tesla's alleged conduct violates applicable law;

b. Whether certification of the Class Members is appropriate under FED. R. CIV. P. 23;

c. Whether Tesla designed, advertised, marketed, distributed, leased, sold, or otherwise placed Class Vehicles into the stream of commerce in the United States;

d. Tesla's motives for devising, manipulating, and executing the software updates to its vehicles;

e. Whether Tesla engaged in deceptive business practices by alerting the fixed constant variable it uses to calculate and market the total number of miles available for its vehicles after customers purchase the vehicles;

f. Whether Tesla violated and continues to violate the Computer Fraud and Abuse Act (18 U.S.C. § 1030 et seq.);

g. Whether Tesla manipulated its software update to include changes in the method of calculating energy consumption;

h. Whether Tesla knew about the negative effect software updates have on the Class Vehicles, including a decrease in the amount of maximum rated mileage range and a decrease in the amount of usable battery capacity;

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

i.  Whether software updates or defects that lead to a decrease in the amount of usable battery capacity constitutes loss in value of the Class Vehicles;

j.  Whether Tesla manipulated the software to avoid and deny warranty battery replacements to Plaintiff and the other putative Class Members;

k.  Whether Tesla's conduct violates consumer protection statutes, false advertisement laws, and unfair business and trade practices laws;

l.  Whether Tesla's unlawful, unfair, deceptive and fraudulent practices harmed Plaintiff and the putative Class Members;

m. Whether Plaintiff and other putative Class Members are entitled to equitable relief, including, but not limited to, restitution or injunctive relief;

n.  Whether Plaintiff and other putative Class Members are entitled to damages and other monetary relief and, if so, in what amount;

o.  Whether Plaintiff and the putative Class Members are entitled to an award of putative and exemplary damages based on Tesla's conduct and violations as alleged herein and if so, in what amount;

p.  Whether Tesla breached express warranties with respect to the Subject Vehicles; and

q.  Whether Tesla breached implied warranties with respect to the Subject Vehicles.

**ANSWER:** Denied.

109.  **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff's interest do not conflict with the interests of the other members of the proposed classes they seek to represent. Plaintiff has retained counsel competent and experienced in complex litigation, and the technology and subject matter in regards to the underlying suit, and Plaintiff intends to prosecute this action vigorously and has the financial resources to do so.

**ANSWER:** Denied.

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

110.   **Superiority:** Plaintiff and Class Members have all suffered and will continue to suffer harm and damages because of Defendant's conduct. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**ANSWER:** Denied.

111.   Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

**ANSWER:** Denied.

**TOLLING OF STATUTE OF LIMITATIONS**

112.   **Fraudulent Concealment:** On information and belief, Tesla has known of the issues relating to the batteries of its vehicles since at least 2012. Tesla obtained further knowledge of the defects contained in certain Class Vehicles as alleged above. Tesla, however, has concealed from or failed to notify Plaintiff, members of the putative Class, and the public, of the full and complete nature of the battery defects and reduced effective battery capacity of the Class Vehicles.

**ANSWER:** Denied.

113.   As described above, Tesla maintains nearly absolute exclusivity regarding its software updates and the batteries of their vehicles. Tesla represents that its "team of battery experts uses… data to thoroughly investigate incidents that occur and understand the root cause." To this day, Tesla refuses to acknowledge that the batteries in its vehicles are defective or initiate a recall of the Class Vehicles.

**ANSWER:** The contents of Tesla's public correspondence and releases speak for themselves, and to the extent the allegations in paragraph 113 vary therewith, Tesla denies them. Tesla denies the remaining allegations in paragraph 113.

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

114. Thus, any applicable statute of limitations has therefore been tolled by Tesla's knowledge, active concealment, and denial of the facts alleged herein, for which Tesla continues to operate with the ongoing fraudulent behavior.

**ANSWER:** Denied.

115. **Estoppel:** Tesla was, and is, under a continuous duty to disclose to Plaintiff and the putative Class Members the true character, quality, and nature of the Class Vehicles. Tesla actively concealed the true character, quality, reliability, characteristics and performance of the vehicles. Plaintiff and members of the proposed classes reasonable relied upon Tesla's knowing, and affirmative misrepresentation and/or active concealment of these facts. Based on the foregoing, Tesla is estopped from relying on any stature of limitations or asserting the same in defense of this action.

**ANSWER:** Denied.

116. **Delayed Discovery Doctrine:** The causes of action alleged herein did not accrue until Plaintiff and members of the proposed classes discovered that their vehicles had the defective or otherwise reduced effective capacity batteries. Plaintiff and the other proposed Class Members had no realistic or reasonable ability to determine that their vehicles' batteries were defective until after experiencing the severe drop in rated mile range and loss in performance. Plaintiff and the proposed Class Members would have had no reason to discover their causes of action, given the fact that Tesla maintains near-complete exclusivity regarding any battery information, Tesla's fraudulent misrepresentations, active concealment, and deceit, all of which clearly show that Tesla has actually engaged in unlawful business practice amongst other violations alleged herein.

**ANSWER:** Denied.

# COUNT I

# VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

34

**(18 U.S.C. § 1030 *et seq.*)**

117.    Plaintiffs incorporate by reference the allegations contained in the paragraphs above as though fully set forth herein.

**ANSWER:** Tesla repeats and realleges the responses set forth above as if fully stated herein as and for its answer to Paragraph 117.

118.    Plaintiff brings this count on his own behalf and on behalf of the Class.

**ANSWER:**  Tesla denies that Plaintiff has properly alleged this count and denies that the proposed class can be certified.

119.    The federal Consumer Fraud and Abuse Act ("CFAA") establishes a private cause of action against a person who "knowingly accessed a computer without authorization or exceeding authorized "access," and whose prohibited access results in damage or loss in excess of $5,000 in any 1-year period 18 U.S.C. § 1030(a)(4).

**ANSWER:** The allegations in paragraph 119 contain legal conclusions for which no answer is required. The Consumer Fraud and Abuse Act speaks for itself, and to the extent the allegations in paragraph 119 vary therewith, Tesla denies those allegations.

120.    The CFAA also establishes liability against whomever: "knowingly causes the transmission of a program, information, code or command, and as a result of such conduct, intentionally causes damage without authorization to a protected computer" (§ 1030(a)(5)(A)); or "intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss. (§ 1030(a)(5)(C)).

**ANSWER:** The allegations in paragraph 120 contain legal conclusions for which no answer is required. The CFAA speaks for itself, and to the extent the allegations in paragraph 120 vary therewith, Tesla denies them.

4849-8639-7405 v1

121. The term "computer" means "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device[.]" 18 U.S.C. § 1030(e)(1).

**ANSWER:** The allegations in paragraph 121 contain legal conclusions for which no answer is required. The CFAA speaks for itself, and to the extent the allegations in paragraph 121 vary therewith, Tesla denies them.

122. A "protected computer" is defined, in relevant part, as a computer "which is used in or affecting interstate or foreign commerce or communication." 18 § 1030(e)(2)(B).

**ANSWER:** The allegations in paragraph 122 contain legal conclusions for which no answer is required. The CFAA speaks for itself, and to the extent the allegations in paragraph 122 vary therewith, Tesla denies them.

123. "[E]xceeds authorized access" means "access[ing] a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled to obtain or alter…" 18 U.S.C. § 1030(e)(6).

**ANSWER:** The allegations in paragraph 123 contain legal conclusions for which no answer is required. The CFAA speaks for itself, and to the extent the allegations in paragraph 123 vary therewith, Tesla denies them.

124. "Loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11).

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

1
2
3

  **ANSWER:** The allegations in paragraph 124 contain legal conclusions for which no answer is required. The CFAA speaks for itself, and to the extent the allegations in paragraph 124 vary therewith, Tesla denies them.

4
5

  125. Damage means "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8).

6
7
8

  **ANSWER:** The allegations in paragraph 125 contain legal conclusions for which no answer is required. The CFAA speaks for itself, and to the extent the allegations in paragraph 125 vary therewith, Tesla denies them.

9
10
11
12
13

  126. The term "loss" is defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or consequential damages incurred because of interruption of service. 18 U.S.C. § 1030(e)(11).

14
15
16

  **ANSWER:** The allegations in paragraph 126 contain legal conclusions for which no answer is required. The CFAA speaks for itself, and to the extent the allegations in paragraph 126 vary therewith, Tesla denies them.

17
18
19

  127. The term "person" means any individual, firm, corporation, educational institution, financial institution, governmental entity, or legal or other entity. 18 U.S.C. § 1030(e)(12).

20
21
22

  **ANSWER:** The allegations in paragraph 127 contain legal conclusions for which no answer is required. The CFAA speaks for itself, and to the extent the allegations in paragraph 127 vary therewith, Tesla denies them.

23
24
25
26

  128. The Class Vehicles are "computers" under the CFAA by virtue of Tesla's vehicles containing a Media Control Unit (MCU) which provides data processing, GPS, communication functions, and other functions, and serves as the receiving end of Tesla's over-the-air software updates.

27

  **ANSWER:** Denied.

28

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

129.   The Class Vehicles are also "protected computers" under the CFAA because they are used in and affect interstate and foreign commerce and communication, including through contact and communication with remote servers, personal and business usages that affect interstate and foreign commerce, and because Tesla's vehicles are powered and maintained by computers which ensure that Tesla vehicles can operate and drive in furtherance of the stream of interstate and foreign commerce.

**ANSWER:** Denied.

130.   Tesla caused Plaintiff and the putative Class Members to download and install software updates to their vehicles without informing them that the updates contained code that would diminish performance, lower the maximum amount of usable battery capacity, throttle or lower the rate of charging speed, lower the amount of voltage for battery cells, modify and manipulate the fixed constant variable used when advertising its cars to Plaintiff and the putative Class Members. Tesla did this to avoid its warranty obligations and conceal the defective nature of Class Vehicles and batteries. Plaintiff and the other putative Class Members did not give permission for Tesla to install the updates, as Tesla failed to provide material information to Plaintiff and the putative Class Members regarding the updates and the negative impact on Class Vehicle performance.

**ANSWER:** Denied.

131.   Tesla violated 18 U.S.C. § 1030(a) by knowingly causing the transmission of vehicles software updates to Plaintiff and the putative Class Members' vehicles and accessing, collecting, and transmitting information to vehicles. The Class Vehicles are protected computers by way of the MCU. By transmitting information and software updates to the vehicles, Tesla intentionally caused damage without authorization, or at the very least, exceeded the authorization to access Plaintiff and

1    the other putative Class Members' vehicles by impairing the ability of the vehicles to

2    operate as warranted, represented and advertised by Tesla.

3          **ANSWER:** Denied.

4          132.   Tesla knowingly and intentionally exceeded its authorized access to

5    Plaintiff and the other putative Class Members' vehicles. Plaintiff and the other

6    putative Class Members did not consent to Tesla's manipulations with their vehicle's

7    battery management system, nor did Plaintiff and the other putative Class Members

8    consent to Tesla limiting the maximum charge voltage and usable amount of battery

9    capacity, both of which lead to significant loss of range and diminished performance

10   of these vehicles.

11         **ANSWER:** Denied.

12         133.   By exceeding its authorized access, Tesla obtained and altered the

13   information, function, and other unknown variables, and failed to inform Plaintiff and

14   other owners of the Class Vehicles of the reduced battery capacity and diminished

15   performance. Tesla did so with an intent to defraud Plaintiff and the other putative

16   Class Members and furthered the fraudulent intent to avoid its duties and legal

17   obligations to provide Plaintiff and the putative Class Members with battery

18   replacements under warranty. The out-of-pocket cost of a battery replacement is

19   approximately \$20,000 to \$25,000, and therefore Tesla's fraudulent intent and

20   conduct as alleged herein constitutes a violation of 18 U.S.C. § 1030(a)(4). Tesla

21   caused damages and loss to Plaintiff and the putative Class Members during a one-

22   year period that exceeds \$5,000 in value in the aggregate.

23         **ANSWER:** Denied.

24         134.   As alleged above and herein, Tesla knowingly caused the transmission of

25   "a program, information, code, or command…" to a protected computer and because

26   of that conduct, intentionally caused damage to Plaintiff and the putative class. 18

27   U.S.C. § 1030(a)(5)(A).

28

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

1    **ANSWER:** Denied.

2    135.   Therefore, Plaintiff and the putative Class Members are entitled to obtain

3    compensatory damages or other equitable relief as provided under 18 U.S.C. §

4    1030(g).

5    **ANSWER:** Denied.

6                                **COUNT II**

7       **VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

8                        **(15 U.S.C. §§ 2301, *et seq.*)**

9    136.   Plaintiff incorporate by reference the allegations contained in the

10   paragraphs above as though fully set forth herein.

11   **ANSWER:** Tesla repeats and realleges the responses set forth above as if fully

12   stated herein as and for its answer to Paragraph 136.

13   137.   Plaintiff brings this count on his own behalf and on behalf of the Class.

14   **ANSWER:** Tesla denies that Plaintiff has properly alleged this count and

15   denies that the proposed class can be certified.

16   138.   Plaintiff and Class Members are "consumers" within the meaning of 15

17   U.S.C. § 2301(3).

18   **ANSWER:** The allegations in paragraph 138 contain legal conclusions for

19   which no answer is required. 15 U.S.C. § 2301(3) speaks for itself, and to the extent

20   the allegations in paragraph 138 vary therewith, Tesla denies those allegations.

21   139.   Defendant is a "supplier" and "warrantor" within the meaning of 15

22   U.S.C. § 2301(4)-(5).

23   **ANSWER:** The allegations in paragraph 139 contain legal conclusions for

24   which no answer is required. 15 U.S.C. § 2301(4)-(5) speaks for itself, and to the

25   extent the allegations in paragraph 139 vary therewith, Tesla denies those allegations.

26

27

28
                                      40

4849-8639-7405 v1

140. The Class Vehicles are a "consumer product" within the meaning of 15 U.S.C. § 2301(1).

**ANSWER:** The allegations in paragraph 140 contain legal conclusions for which no answer is required. 15 U.S.C. § 2301(1) speaks for itself, and to the extent the allegations in paragraph 140 vary therewith, Tesla denies them.

141. 15 U.S.C. § 2301(d)(1) provides a cause of action for any consumer who is damages by the failure of a warrantor to comply with a written warranty.

**ANSWER:** The allegations in paragraph 140 contain legal conclusions for which no answer is required. 15 U.S.C. § 2301(d)(1) speaks for itself, and to the extent the allegations in paragraph 141 vary therewith, Tesla denies them.

142. As described herein, Tesla provided Plaintiff and the other Class members with "implied warranties" and "written warranties" as those terms are defined in 15 U.S.C. § 2301 *et seq*.

**ANSWER:** The allegations in paragraph 142 contain legal conclusions for which no answer is required.

143. Tesla provided warranties to the Class Vehicles consisting of either a 48-month, 50,000-mile new vehicle warranty or a 24-month, 100,000-mile limited warranty against defects in materials or workmanship to the Class Vehicles.

**ANSWER:** To the extent the allegations in paragraph 143 purport to summarize or state the contents of Tesla's warranties, Tesla refers the Court to all relevant warranties, which speak for themselves, and to the extent the allegations in paragraph 143 vary therewith, Tesla denies them.

144. Tesla also provided an 8-year, unlimited mile battery warranty for the Class Vehicles. The Class Vehicles were provided these express and implied warranties by Tesla.

**ANSWER:** To the extent the allegations in paragraph 144 purport to summarize or state the contents of Tesla's warranties, Tesla refers the Court to all

relevant warranties, which speak for themselves, and to the extent the allegations in paragraph 144 vary therewith, Tesla denies them.

145.   Defendant breached the implied warranty of merchantability because the battery defects and otherwise significant reduction in range and effective battery capacity renders the Class Vehicles merchantable.

**ANSWER:** Denied.

146.   Tesla breached these written and implied warranties as described in the allegations herein, with respect to the batteries of the Class Vehicles and by failing to acknowledge that Plaintiff's battery and those of other Class members were defective and eligible to be replaced under Tesla's written and implied warranties.

**ANSWER:** Denied.

147.   By Tesla's conduct described and alleged herein, including Tesla's knowledge that the batteries of the Class Vehicles were abnormally degraded or otherwise defective, Tesla has failed to comply with its obligations under their written and implied promises, warranties, and representations.

**ANSWER:** Denied.

148.   The transactions by which Plaintiff and the putative Class Members purchased the Class Vehicles were always transactions for the sale of goods and relevant, Tesla was the original seller of the Class Vehicles and placed these products into the stream of commerce throughout the United States, including California. At all times relevant, Tesla maintained showroom stores and vehicle service centers in California.

**ANSWER:** Denied.

149.   Defendant has refused to provide an adequate warranty repair for the defective or otherwise reduced capacity batteries.

**ANSWER:** Denied.

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

150.   At the time of the sale, Defendant knew of the Class Vehicles' defective batteries but failed to rectify the situation and/or disclose the defect.

**ANSWER:** Denied.

151.   Defendant's warranties are written warranties within the meaning of 15 U.S.C. § 2301(6).

**ANSWER:** The allegations of Paragraph 151 contain legal conclusions for which no answer is required. 15 U.S.C. § 2301(6) speaks for itself, and to the extent the allegations in Paragraph 151 vary therewith, Tesla denies them.

152.   The Class Vehicles' implied warranty of merchantability is covered by 15 U.S.C. § 2301(7).

**ANSWER:** The allegations of Paragraph 152 contain legal conclusions for which no answer is required. 15 U.S.C. § 2301(7) speaks for itself, and to the extent the allegations in Paragraph 152 vary therewith, Tesla denies them.

153.   The amount in controversy of Plaintiff's individual claim exceeds the sum of $25. The amount in controversy in this action exceeds the sum of $50,000, exclusive of costs and interest, computed on the basis of all claims to be determined in this lawsuit.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 153 and therefore denies them.

154.   Plaintiff, individually, and on behalf of the Class Members, seek all damages permitted by law.

**ANSWER:** Tesla denies that Plaintiff and the putative class are entitled to any of the relief requested.

**COUNT III**

**VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT**

**(CAL. CIV. CODE § 1790 *et seq.*)**

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

155.   Plaintiff incorporates by reference the allegations contained in the paragraphs above as though fully set forth herein.

**ANSWER:** Tesla repeats and realleges the responses set forth above as if fully stated herein as and for its answer to Paragraph 155.

156.   Plaintiff brings this count on his own behalf and on behalf of the Class.

**ANSWER:** Tesla denies that Plaintiff has properly alleged this count and denies that the proposed class can be certified.

157.   Plaintiff is a buyer, as CAL. CIV. CODE § 1791(b) defines the term "buyer".

**ANSWER:** The allegations of Paragraph 157 contain legal conclusions for which no answer is required. Cal. Civ. Code §1791(b) speaks for itself, and to the extent the allegations in Paragraph 157 vary therewith, Tesla denies them.

158.   The Class Vehicles are consumer goods, as CAL. CIV. CODE § 1791(a) defines the term "consumer good." The Class Vehicles are new motor vehicles as defined by CIVIL CODE § 1793.22 (e)(2).

**ANSWER:** The allegations of Paragraph 158 contain legal conclusions for which no answer is required. Cal. Civ. Code § 1791(a) and Civil Code § 1793.22(e)(2) speak for themselves, and to the extent the allegations in Paragraph 158 vary therewith, Tesla denies them.

159.   Defendant is a "manufacturer" within the meaning of CAL. CIV. CODE § 1791(j).

**ANSWER:** The allegations of Paragraph 159 contain legal conclusions for which no answer is required. Cal. Civ. Code §1791(j) speaks for itself, and to the extent the allegations in Paragraph 159 vary therewith, Tesla denies them.

160.   Defendant was at all times relevant hereto the manufacturer, distributor, warrantor, lessor, retailer and/or seller of the Class Vehicles. Defendant knew or had reason to know of the specific use for which the Class Vehicles were sold for.

4849-8639-7405 v1

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 160 and therefore denies them.

161.   Tesla provided warranties to the Class Vehicles consisting of either a 48-month, 50,000-mile new vehicle warranty or a 24-month, 100,000-mile limited warranty against defects in materials or workmanship to the Class Vehicles.

**ANSWER:** To the extent the allegations in paragraph 161 purport to summarize or state the contents of Tesla's warranties, Tesla refers the Court to all relevant warranties, which speak for themselves, and to the extent the allegations in paragraph 161 vary therewith, Tesla denies them.

162.   Tesla also provided an 8-year, unlimited mile battery warranty for the Class Vehicles. The Class Vehicles were provided these express and implied warranties by Tesla and are fully transferrable to all subsequent legal owners.

**ANSWER:** To the extent the allegations in paragraph 162 purport to summarize or state the contents of Tesla's warranties, Tesla refers the Court to all relevant warranties, which speak for themselves, and to the extent the allegations in paragraph 162 vary therewith, Tesla denies them.

163.   Plaintiff's vehicle was a Class Vehicle that Plaintiff legally obtained with serious defects and nonconformities, including but not limited to a defective, malfunctioning, or otherwise abnormally degraded battery.

**ANSWER:** Denied.

164.   Plaintiff and the putative Class Members substantially performed all of their obligations under the warranty, by presenting the Class Vehicles to authorized Tesla repair technicians during the warranty coverage period and/or by accepting all of the over-the-air updates provided by Tesla.

**ANSWER:** Tesla lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 164 and therefore denies the same.

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

165. Defendant is unable to conform the Class Vehicles to the express warranties despite being afforded a reasonable opportunity to do so by Plaintiffs.

**ANSWER:** Denied.

166. The Class Vehicles are not fit for their ordinary purpose of providing fuel efficiency because the vehicles suffer significantly reduced range and effective battery capacity.

**ANSWER:** Denied.

167. Defendant was given more than one opportunity to fix the defective or otherwise significantly reduced effective battery capacity of the Subject Vehicle, and failed to do so.

**ANSWER:** Denied.

168. Tesla breached the express warranties by maliciously and fraudulently pushing its software updates to the Class Vehicles, which resulted in a decrease in performance, significantly lower range mileage, significantly lower effective battery capacity, and a slower speed of battery charging in the Class Vehicles. Tesla further breached the express warranties by refusing to repair, fix, replace, or remedy the defective batteries in the Class Vehicles.

**ANSWER:** Denied.

169. As a direct and proximate cause of Defendant's breach of express and implied warranties, Plaintiffs and the Class Members sustained damages and other losses in an amount to be determined at trial.

**ANSWER:** Denied.

170. Plaintiff and the other Class members are entitled to and seek damages and other legal and equitable relief, including, but not limited to, all incidental, consequential and general damages resulting from Tesla's failure to comply with its warranty obligations under Song-Beverly.

**ANSWER:** Denied.

171.   Plaintiff and the other Class members are entitled under Song-Beverly to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

**ANSWER:** Denied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and all others similarly situated, pray for judgment against Defendant as follows:

1.   An order certifying the proposed Class pursuant to FED. R. CIV. P. Rule 23(a) and (b)(1), (b)(2), (b)(3) and/or (c)(4), designating Plaintiff as named representative of the Class and designating the undersigned as Class Counsel;

2.   Such equitable relief as the Court deems just and proper;

3.   Damages in an amount to be proved at trial but in excess of this Court's minimum jurisdictional threshold;

4.   Punitive and/or exemplary damages under applicable cause of action;

5.   An award of attorneys' fees and costs as allowed by law;

6.   An award of pre-judgement and post-judgment interest, as provided by law; and

7.   For such other and further relief as the Court deems just and proper.

**ANSWER:** Tesla denies that Plaintiff and the putative class are entitled to any of the relief requested in the Prayer for Relief paragraphs 1-7.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all claims so triable.

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

**ANSWER:** Tesla admits that Plaintiff demands a trial by jury on all claims so triable but denies that any of the claims in this case merit trial.

<h3 style="text-align:center">GENERAL DENIAL</h3>

Tesla denies each and every allegation of the Complaint not specifically admitted herein.

<h3 style="text-align:center">AFFIRMATIVE DEFENSES</h3>

Tesla's affirmative defenses to Plaintiff's Complaint are set forth below. By setting forth the following allegations and defenses, however, Tesla does not assume the burden of proof on matters and issues other than those on which Tesla has the burden of proof as a matter of law.

<h3 style="text-align:center">FIRST AFFIRMATIVE DEFENSE</h3>

<h3 style="text-align:center">(Failure to State a Cause of Action)</h3>

The Complaint fails to state any claim upon which relief can be granted.

<h3 style="text-align:center">SECOND AFFIRMATIVE DEFENSE</h3>

<h3 style="text-align:center">(Claims Subject to Arbitration)</h3>

Some or all claims in the Complaint to which Plaintiff and/or some or all members of the proposed class bring are subject to arbitration under agreed-upon terms set forth in writing.

<h3 style="text-align:center">THIRD AFFIRMATIVE DEFENSE</h3>

<h3 style="text-align:center">(Lack of Standing)</h3>

Some or all of the claims made in Plaintiff's Complaint, including claims made on behalf of the proposed putative class, are barred because the named Plaintiff and/or members of the proposed putative class lack standing.

<h3 style="text-align:center">FOURTH AFFIRMATIVE DEFENSE</h3>

<h3 style="text-align:center">(Failure to Notify)</h3>

4849-8639-7405 v1

Some or all of the claims of Plaintiff and/or members of the proposed class are barred to the extent they failed to notify Tesla of any purported breach of warranty after Plaintiff and/or members of the proposed class knew or should have known of any purported defect or nonconformity, and/or knew or should have known of their commencement of an action against Tesla.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The claims of Plaintiff and/or members of the proposed class are time-barred under the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

### (Fault of Others)

The claims of Plaintiff and/or members of the proposed class may be barred, in whole or in part, to the extent any injury sustained by Plaintiff and/or members of the proposed class were proximately and actually caused, in whole or in part, by the acts or omissions on the part of Plaintiff and/or others for whose conduct is not responsible.

## SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

Any claims for damages or other monetary recovery by Plaintiff and/or members of the proposed class must be offset and reduced by all value received.

## EIGHTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

The claims of some or all putative class members are barred by the doctrine of accord and satisfaction.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Laches)

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

The claims of Plaintiff and/or members of the proposed class are barred, in whole or in part, based on the doctrines of waiver, estoppel and/or laches.

## TENTH AFFIRMATIVE DEFENSE

### (State of the Art)

The vehicles at issue conformed to the state of the art and complied with all applicable government standards and requirements at the time of their manufacture and sale.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Altered, Modified or Changed)

Plaintiff and/or members of the proposed class whose vehicles have been altered, modified, or changed are barred, in whole or in part, from recovery.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The claims of Plaintiff and/or members of the proposed class are barred, in whole or in part, to the extent they have failed to mitigate damages and/or have caused some or all of the alleged damage of which they now complain.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Some or all of the claims of Plaintiff and/or members of the proposed class for equitable remedies are barred because Plaintiff and members of the proposed putative class have an adequate remedy at law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Consent)

The claims of Plaintiff and/or members of the proposed class are barred because Plaintiff and members of the proposed putative class consented to receive software updates from Defendant.

DEFENDANT TESLA, INC.'S ANSWER TO CLASS ACTION COMPLAINT
CASE NO.: 8:21-cv-00060

4849-8639-7405 v1

**RESERVATION AS TO ANY ADDITIONAL AFFIRMATIVE DEFENSES**

Tesla has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses that govern the claims asserted by Plaintiff and on behalf of persons claimed to be members of the proposed class. Tesla, therefore, reserves the right to raise additional defenses as appropriate.

**PRAYER**

WHEREFORE, Tesla prays:

1.      That Plaintiff and members of the proposed class take nothing by reason of this suit;

2.      That judgment be entered in Tesla's favor as to all remaining causes of action;

3.      For costs of suit;

4.      That the proposed certification of any class herein be denied; and

5.      For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant Tesla hereby demands trial of all issues in this action by jury.

Dated:  March 5, 2021                    Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.


By:  */s/ Amir Nassihi*
Amir Nassihi

Attorneys for Defendant
TESLA, INC.

51

4849-8639-7405 v1