Michael L. Mallow (SBN 188745)
mmallow@shb.com
Rachel A. Straus (SBN 268836)
rstraus@shb.com
SHOOK, HARDY & BACON L.L.P.
2049 Century Park East, Suite 3000
Los Angeles, CA 90067-3204
Tel: (424) 285-8330 | Fax: (424) 204-9093

Amir M. Nassihi (SBN 235936)
anassihi@shb.com
Joan R. Camagong (SBN 288217)
jcamagong@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1900 | Fax: (415) 391-0281

Attorneys for Defendant
TESLA INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FISH, an individual, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a Delaware corporation<br><br>Defendant. | Case No. 8:21-cv-00060-PSG-JDE<br><br>Assigned to Hon. Philip S. Gutierrez<br>Courtroom 6A, 6th Floor<br><br>**DEFENDANT TESLA INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date:  February 4, 2022<br>Time:  1:30 p.m. |

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND ..............................................1

LEGAL STANDARD..............................................................................................2

ARGUMENT ...........................................................................................................3

I.    Plaintiff failed to demonstrate diligence. ......................................................3

II.    Plaintiff has prejudiced Tesla with his improper tactics under both Rule 16(b) and Rule 15(a), and undue delay would result. ....................................5

III.    The amendment is futile. ................................................................................5

IV.    Fish's request for leave to further amend the complaint should be denied.....9

CONCLUSION......................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                                                 **Page(s)**

*AmerisourceBergen Corp. v. Dialysis W., Inc.*,
   465 F.3d 946 (9th Cir. 2006) ................................................................................ 5

*Atkinson v. Elk Corp. of Texas*,
   142 Cal. App. 4th 212 (2006) ............................................................................... 9

*Atwell v. City of Surprise*,
   440 F. Appx 585 (9th Cir. 2011) ......................................................................... 4

*Bohn v. Pharmavite, LLC*,
   11-10430-GHK, 2013 WL 12246336 (C.D. Cal. Oct. 8, 2013) ............................ 4

*Brownfield v. Jaguar Land Rover N. Am., LLC*,
   584 F. App'x 874 (9th Cir. 2014) ........................................................................ 8

*Clark v. Am. Honda Motor Co., Inc.*,
   No. CV 20-03147, 2021 WL 1186338 (C.D. Cal. March 25, 2021) ..................... 8

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) .............................................................................. 9

*Color Switch LLC v. Fortafy Games DMCC*,
   818 Fed. Appx. 694 (9th Cir. 2020) ..................................................................... 6

*East West Bank v. Shanker*,
   20-cv-07364-WHO, 2021 WL 3471177 (N.D. Cal. Aug. 6, 2021) ....................... 2

*Eminence Cap., LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) .............................................................................. 5

*Gonzales v. Lake Havasu City*,
   836 Fed. Appx. 554 (9th Cir. 2020) ..................................................................... 3

*Grodzitsky v. Am. Honda Motor Co., Inc.*,
   No. 2:12-cv-1142-SVW-PLA, 2013 WL 2631326 (C.D. Cal. June 12,
   2013) .................................................................................................................... 9

*Henderson v. United Station Homeless Services*,
   No. CV 20-476-PSG, 2021 WL 4497220 (C.D. Cal. August 10, 2021) ......... 2, 3

*In re 3M Combat Arms Earplugs Products Liab. Litig.*,
  No. 3:19-md-2885, 2021 WL 952315 (N.D. Fl. March 12, 2021) ............................ 1

*In re Flash Memory Antitrust Litig.*,
  07-0086, 2010 WL 2332081 (N.D. Cal. June 9, 2010) .............................................. 4

*In re Natl. Prescription Opiate Litig.*,
  956 F.3d 838 (6th Cir. 2020) ..................................................................................... 4

*Jackson v. Bank of Hawaii*,
  902 F.2d 1385 (9th Cir. 1990) ................................................................................... 2

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ..................................................................................... 4

*Johnson v. Nissan North America, Inc.*,
  272 F. Supp. 3d 1168 (N.D. Cal. Aug. 29, 2017) ....................................................... 9

*Largan v. Precision Co., Ltd. v. Fujinon Corp.*,
  No.4:10-cv-01318-SBA, 2011 WL 1226040 (N.D. Cal. 2011) ............................... 10

*Lawson v. Grubhub, Inc.*,
  13 F.4th 908 (9th Cir. 2021) ...................................................................................... 6

*Lockheed Martin Corp. v. Network Sols., Inc.*,
  194 F.3d 980 (9th Cir. 1999) ..................................................................................... 5

*Marchante v. Sony Corp. of Am.*,
  801 F. Supp. 3d 1013 (S.D. Cal. 2011) ..................................................................... 9

*Moore v. Kayport Package Exp., Inc.*,
  885 F.2d 531 (9th Cir. 1989) ..................................................................................... 5

*O'Connor v. Uber Technologies, Inc.*,
  904 F.3d 1087 (9th Cir. 2018) ................................................................................... 6

*Peterson v. Mazda Motor of Am., Inc.*,
  44 F. Supp. 3d 965 (C.D. Cal. 2014) ......................................................................... 9

*Partington v. Bugliosi*,
  56 F.3d 1147 (9th Cir. 1995) ..................................................................................... 6

*Treuhaft v. Mercedes-Benz USA, LLC*,
  No. 2:20-cv-11155-SVW-GJS, 2021 WL 2864877 (C.D. Cal. July 6,
  2021) .................................................................................................................. 8

*United States v. Sineneng-Smith*,
  140 S. Ct. 1575 (2020) ...................................................................................... 10

*Watkins v. MGA Entertainment, Inc.*,
  No. 21-cv-00617-JCS, 2021 WL 5865529 (N.D. Cal. Dec. 10, 2021) ..................... 3

*Yi v. BMW of N. Am., LLC*,
  No. 2:17-cv-06467-SVW, 2018 WL 3359016 (C.D. Cal. May 24,
  2018) .................................................................................................................. 8

*Zeiger v. WellPet LLC*,
  3:17-cv-04056-WHO, 2020 WL 9160842 (N.D. Cal. Jan. 22, 2020) ............... 2, 3, 5

**Other Authorities**

Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) ........................ 6

# INTRODUCTION

Robert Fish, Plaintiff and the founder of the law firm that is his counsel in this action, filed a class action complaint against Tesla on January 12, 2021 on behalf of himself and a putative class. On August 16, 2021, after Tesla filed a Motion for Judgment on the Pleadings, and the last day contemplated by the scheduling order, Fish filed a Motion to File First Amended Complaint ("Motion to Amend"). As Fish makes clear in his motion, the reason for the amendment is because he wants to add additional named plaintiffs and then apparently dismiss his claims. In the Motion to Amend, in addition to his request to file an amended complaint, Fish also requests leave to add additional unidentified persons as class representatives "within thirty (30) days of this Court's responsive order."

Plaintiff's Motion to Amend should be denied because he failed to demonstrate the diligence required under Rule 16(b). In fact, Rule 16 is not even mentioned in his Motion to Amend. Instead, Fish seeks leave only under Rule 15. But even if the Court were to apply Rule 15, Fish's Motion to Amend should be denied because he fails to meet Rule 15's standards for amending a complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Fish filed this lawsuit on January 12, 2021 and is represented by Fish LLP.[1] Since that time, Fish has recruited other Tesla customers to join this lawsuit as named plaintiffs.[2]

Tesla answered Fish's complaint on March 5, 2021 (Dkt. 11) and filed its Motion for Judgment on the Pleadings on May 7, 2021 (Dkt. 23). Following the

---

[1] *See* https://fishiplaw.com/team/bob-fish/ (last visited January 13, 2022).

[2] *See* https://topclassactions.com/lawsuit-settlements/consumer-products/auto-news/tesla-batteries-defective-system-overstates-capacity-claims-class-action-lawsuit/ (last visited January 3, 2022); See, *In re 3M Combat Arms Earplugs Products Liab. Litig.*, No. 3:19-md-2885, 2021 WL 952315, at *2 (N.D. Fl. March 12, 2021) ("TCA was engaged by attorneys to publish articles about the claims in this MDL … Each published article was accompanied by a form, viewable on the sidebar of the browser, soliciting viewers to 'join a free 3M Ear Plus class action lawsuit investigation' by providing their contact information").

1  parties' conferral pursuant to Rule 16, Fish prepared a draft joint report in which he
2  proposed a November 2021 deadline for the class certification motion. A scheduling
3  order was entered on May 15, 2021, which set August 16, 2021 as the "last day to file
4  a motion to add parties or amend pleadings" and a November 15, 2021 deadline for
5  the class certification motion. (Dkt. 26).
6        On August 16, 2021, Fish filed his Motion to Amend seeking to add four named
7  plaintiffs. The Motion to Amend also states "Plaintiff's counsel prepared amendments
8  as reflected in the attached Appendix to withdraw Robert Fish as a named plaintiff and
9  add the New Named Plaintiffs." Dkt. 30-1 at 1. Despite that representation in the
10 proposed First Amended Complaint, Fish is included as a named plaintiff.

## LEGAL STANDARD

12       Leave to amend "is not to be granted automatically." *Jackson v. Bank of*
13 *Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Before allowing leave to amend, the
14 Court should first consider the factors of Rule 16(b) before turning to the factors of
15 Rule 15(a). *See Henderson v. United Station Homeless Services*, No. CV 20-476-PSG
16 (MRWx), 2021 WL 4497220, at *2 (C.D. Cal. August 10, 2021); *Zeiger v. WellPet*
17 *LLC*, 3:17-cv-04056-WHO, 2020 WL 9160842, at *1 (N.D. Cal. Jan. 22, 2020); *East*
18 *West Bank v. Shanker*, 20-cv-07364-WHO, 2021 WL 3471177, at *2 (N.D. Cal. Aug.
19 6, 2021) (citations omitted). "[O]nly if the moving party establishes good cause to
20 modify the scheduling order under Rule 16 should the court consider whether the
21 moving party also has demonstrated that amendment is appropriate under Federal
22 Rule of Civil Procedure 15(a)." *Id*. (citations omitted). Indeed, that is what the
23 *Watkins* court did when presented with a request for leave to amend that was made
24 prior to the deadline to amend but would have ultimately required altering the case
25 schedule. *Watkins v. MGA Entertainment, Inc.*, No. 21-cv-00617-JCS, 2021 WL
26 5865529, at *7-8 (N.D. Cal. Dec. 10, 2021) ("[W]hen a request for leave to amend
27 requires the Court to change the schedule of the case, Rule 16(b)(4) of the Federal
28 Rules of Civil Procedure comes into play.").

# ARGUMENT

## I. Plaintiff failed to demonstrate diligence.

Once a court has entered a scheduling order, it will modify the scheduling order only for good cause. Fed. R. Civ. P. 16(b)(4); *Gonzales v. Lake Havasu City*, 836 Fed. Appx. 554, 556 (9th Cir. 2020) ("After entry of the scheduling order, a party may seek leave to amend the pleadings only if they first satisfy the 'good cause standard' of Rule 16(b)(4)."). *Watkins* is instructive. *Watkins*, 2021 WL 5865529, at *7-8. There, Judge Spero was presented with a request for leave to amend that was made in plaintiffs' opposition to the motion to dismiss and prior to the deadline set by the scheduling order but would have ultimately required the Court to change the schedule. Thus, Judge Spero evaluated the request under Rule 16's good cause standard and denied it. *Id*. Because the Court would have needed to amend the scheduling order if it granted the Motion to Amend, plaintiffs needed to demonstrate good cause.[3]

Rule 16's good cause inquiry "should focus on a party's diligence, '[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion.'" *Zeiger*, 2020 WL 9160842, at *1 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification … [i]f that party was not diligent, the inquiry should end." *Henderson*, 2021 WL 4497220, at *2.

As an initial matter, Fish ignores Rule 16. Instead, he only attempts to justify his request pursuant to Rule 15. In doing so, he has failed to meet his burden to show that he acted diligently in seeking leave to amend. *Johnson*, 975 F.2d at 610 ("Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation and its standards may not be

---

[3] Parties agree that should the Motion to Amend be granted, the schedule will need to be revised. *See* Dkt. 42 (Parties Joint 26(f) Report).

short-circuited by an appeal to those of Rule 15.")(citations omitted); *Atwell v. City of Surprise*, 440 F. Appx 585, 586 (9th Cir. 2011) ("Atwell should have requested a modification of the district court scheduling order before he requested leave to file a Second Amended Complaint … [E]ven if the court treated the motion to amend the complaint as a de facto motion to amend the scheduling order, the district court did not abuse its discretion in denying it because Atwell failed to show good cause."); *In re Natl. Prescription Opiate Litig.*, 956 F.3d 838, 853 (6th Cir. 2020) (granting writ of mandamus because "leave to amend was plainly incorrect as a matter of law" where the moving party did not "even attempt to show … diligence as required by Rule 16(b)"). Thus, the Motion to Amend should be denied.

Unlike a traditional plaintiff in a proposed class action, Fish is an experienced attorney, founder of the law firm that is his counsel, and "has successfully litigated cases in state and federal courts throughout the U.S. as well as abroad."[4] Fish's "diligence" since filing the complaint must be examined, because he was "obligated to know at that time whether [he] adequately represented the claims [he] brought in that complaint." *Bohn v. Pharmavite, LLC*, 11-10430-GHK (AGRx), 2013 WL 12246336, at *2 (C.D. Cal. Oct. 8, 2013); *In re Flash Memory Antitrust Litigation*, 07-0086 SBA, 2010 WL 2332081, at *17 (N.D. Cal. June 9, 2010) ("It is axiomatic that Plaintiffs should have made a preliminary determination that each of their representatives actually [was adequate]. Such an inquiry should have been conducted at the inception of the litigation, not years after the action had commenced."). Acting as a figurehead to file this lawsuit in order to recruit additional plaintiffs is inconsistent with the diligence required by Rule 16(b). Fish's request that he be allowed to further amend to add even more named plaintiffs "who have expressed interest in joining … but have not yet decided" or other persons as they are identified, and then withdraw himself as a plaintiff, underscores Fish's lack of diligence from the start. *See* Dkt. 30-1 at 1:20-

---

[4] *See* https://fishiplaw.com/team/bob-fish/ (last visited January 13, 2022).

1  26. Allowing Fish to continuously amend to add new named plaintiffs is a far cry
2  from the diligence contemplated by Rule 16(b).
3  **II. Plaintiff has prejudiced Tesla with his improper tactics under both Rule**
4  **16(b) and Rule 15(a), and undue delay would result.**
5        If the moving party succeeds in showing "good cause" under Rule 16(b), they
6  must also then demonstrate that the amendment is proper under Rule 15(a). Prejudice
7  to the opposing party is an additional reason to deny the motion under both. *Zeiger*,
8  2020 WL 9160842, at *1. "[A] party may amend its pleading only with the opposing
9  party's written consent or the court's leave. The court should freely give leave when
10 justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Such leave should not be given
11 where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3)
12 produces an undue delay in litigation; or (4) is futile. *AmerisourceBergen Corp. v.*
13 *Dialysis W.*, *Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Moore v. Kayport Package Exp.*,
14 *Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182
15 (1962)). Of these factors, "the consideration of prejudice to the opposing party []
16 carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048,
17 1052 (9th Cir. 2003). "Although delay is not a dispositive factor in the amendment
18 analysis, it is relevant, especially when no reason is given for the delay." *Lockheed*
19 *Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)(citations
20 omitted). That is the case here.
21       Fish gives no reason why he could not have secured other named plaintiffs
22 besides himself at the outset of this litigation, let alone prior to filing his complaint.
23 Nor has Fish done anything to show how Tesla would not be prejudiced with the case
24 already at issue, and a motion for judgment on the pleadings as to the operative at-
25 issue complaint long pending.
26 **III.  The amendment is futile.**
27       "A district court may deny leave to amend a pleading when leave to amend
28 would prove futile." *Color Switch LLC v. Fortafy Games DMCC*, 818 Fed. Appx. 694,

696-97 (9th Cir. 2020). In determining whether an amendment is futile, courts consider whether the claims could survive a motion to dismiss or motion for summary judgment. Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) ("[S]everal courts have held that if a complaint as amended could not withstand a motion to dismiss or summary judgment, then the amendment should be denied as futile. In a similar vein, if the court determines that plaintiff has had multiple opportunities to state a claim but has failed to do so, leave to amend may be denied."). The test is whether a deficiency in the complaint could be "overcome by amendment." *Partington v. Bugliosi*, 56 F.3d 1147, 1162 (9th Cir. 1995). The proposed Amended Complaint does nothing to address the arguments set forth in Tesla's fully briefed MJOP. *See* Dkts. 23-1; 33.

**First**, Fish has not shown that any of the proposed new named plaintiffs would be able to pursue their claims in court as opposed to being required to arbitrate their claims. *See Lawson v. Grubhub, Inc.*, 13 F.4th 908, 913 (9th Cir. 2021) ("All members of Lawson's putative class—except Lawson and one other—signed agreements waiving their right to participate in a class action" and thus the "district court correctly held Lawson could not satisfy the requirements in Rule 23(a)"); see also *O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087, 1094 (9th Cir. 2018) (decertifying a class because it "include[d] drivers who entered into agreements to arbitrate their claims and to waive their right to participate in a class action with regard to those claims").

**Second**, the addition of the conclusory allegation that "at no time did Plaintiff Fish authorize or agree that Defendant Tesla could manipulate his Subject Vehicle's battery management or operation, or range of the vehicle" does not salvage the CFAA claim. As explained in Tesla's briefs in support of its Motion for Judgment on the Pleadings (Dkts. 23-1; 33), Fish cannot pursue his "exceeded authorized access" or "without authorization" claims because he not only authorized Tesla to access his vehicle's Media Control Unit ("MCU") by affirmatively downloading the software

updates, he also authorized Tesla to make the updates to the MCU. Compl. ¶ 78; *see* Dkt. 33 at 2-5. Because the Amended Complaint alleges the same with respect to the proposed new named plaintiffs, they likewise cannot pursue such claims. Dkt. 30-2 ¶ 91.

Nor does the Amended Complaint remedy Fish's failure to plead his "exceeds authorization" claim with the specificity required under Rule 9(b) because Fish and the new plaintiffs base the vast majority of their allegations on information and belief. *See* Dkts. 23-1 at 6-8; 33 at 3-4; Dkt. 30-2 ¶¶ 13, 26, 28, 30, 31, 33, 34, 45-48, 59, 60-62, 64-69, 71, 79, 89. Likewise, the Amended Complaint fails to plead any "damage" to a "protected computer" as defined by the CFAA. *See* Dkts. 23-1 at 8-9; 33 at 5-6. The Amended Complaint does not identify any damage or security breach to the MCU as required. Rather, the Amended Complaint still alleges that Tesla's software updates "significantly reduced the effective battery capacity of the Class Vehicles." Dkt. 30-2 at ¶ 79. Thus, the alleged damage is to the battery and not a protected computer as required under the CFAA. *See* Dkt. 33 at 6.

**Third**, the Song-Beverly express warranty claim is still defective. As an initial matter, proposed new named plaintiffs Hlvinka and Mann cannot bring a claim under Song-Beverly because they purchased their vehicles outside of California. Dkt. 30-2 ¶¶ 7, 8. The Song-Beverly Act only extends to "sale[s] of consumer goods that are sold at retail in this state [California]." Cal. Civ. Code § 1792. Thus, by its plain terms, the Song-Beverly Act cannot be invoked as a remedy for out-of-state vehicle sales.

The proposed Amended Complaint also fails to cure Fish's deficient allegations about his failure to provide Tesla with a reasonable number of opportunities to repair his vehicle. *See* Dkt. 23 at 10-11. Instead, it simply adds a conclusory allegation that Fish had "multiple interactions with Tesla" in which he "requested his battery be replaced." Dkt. 30-2, ¶ 29. But for Fish to be entitled to relief, he must show that he brought his vehicle in for the repair of a particular issue on more than one occasion.

*See Brownfield v. Jaguar Land Rover N. Am., LLC*, 584 F. App'x 874, 875 (9th Cir. 2014); *see also Treuhaft v. Mercedes-Benz USA, LLC*, No. 2:20-cv-11155-SVW-GJS, 2021 WL 2864877, at *3 (C.D. Cal. July 6, 2021) ("To constitute a reasonable number of repair attempts, a plaintiff must present the vehicle to the manufacturer or seller more than once, complaining of the same defect each time."); *Clark v. Am. Honda Motor Co., Inc.*, No. CV 20-03147, 2021 WL 1186338, at *5 (C.D. Cal. March 25, 2021) (same); *Yi v. BMW of N. Am., LLC*, No. 2:17-cv-06467-SVW, 2018 WL 3359016, at *4 (C.D. Cal. May 24, 2018) (same). Because the proposed new California named plaintiffs' allegations are similar in that they too have failed to present their vehicles more than once, they too cannot maintain a claim under Song-Beverly. Dkt. 30-2 ¶¶ 39-41. Thus, any amendment to the Song-Beverly express warranty claim is futile. Cal. Civil Code § 1793.2(d)(1).

**Fourth**, leave to amend the Song-Beverly implied warranty claim is futile for at least three reasons. The allegations do not plausibly suggest any of the vehicles are unmerchantable. Indeed, even if the allegations in the proposed Amended Complaint are true, the inconvenience of having to charge a vehicle more than anticipated does not render the vehicle unfit for providing transportation. *See* Dkt. 33 at 11.

In addition, like Fish, none of the proposed new named plaintiffs allege a defect manifested during the applicable implied warranty period, which, under California law is no longer than one year from the time of purchase. *See* Dkts. 23-1 at 12-13; 33 at 13-14. *Atkinson v. Elk Corp. of Texas*, 142 Cal. App. 4th 212, 231 (2006); *Peterson v. Mazda Motor of Am., Inc.*, 44 F. Supp. 3d 965, 972 (C.D. Cal. 2014); *Marchante v. Sony Corp. of Am.*, 801 F. Supp. 3d 1013, 1021 (S.D. Cal. 2011). Where a plaintiff fails to allege specific facts supporting a claim that the alleged defect existed within the one-year implied warranty period, the claim must be dismissed. *Peterson v. Mazda Motor of America, Inc.*, 44 F. Supp. 3d 965, 972 (C.D. Cal. 2014); *see also Grodzitsky v. Am. Honda Motor Co., Inc.*, No. 2:12-cv-1142-SVW-PLA, 2013 WL 2631326, at *11 (C.D. Cal. June 12, 2013) (dismissing Song-Beverly implied warranty "[b]ecause

1  the windows at issue in this case did not begin to fail until well more than a year after
2  they were purchased."). Here, Fish and the proposed new plaintiffs do not allege that
3  any defect manifested within the first year of ownership. In fact, of the new plaintiffs,
4  only Hlvinka identifies a time period in which she noticed issues – her "second year of
5  ownership." Dkt. 30-2, ¶ 35. Thus, they all fail to allege a defect manifested within the
6  applicable warranty period.  Dkt. 30-2, ¶¶ 6-10, 35-41.

       **Further**, amendment to new proposed plaintiff Deeble's Song-Beverly implied warranty claim is also futile because she purchased her vehicle used from a third party. "[T]he Song-Beverly Act does not create any obligation on behalf of … the original car manufacturer, with respect to used goods." *Johnson v. Nissan North America, Inc.*, 272 F. Supp. 3d 1168, 1178-79 (N.D. Cal. Aug. 29, 2017).

       **Finally**, because Fish and the proposed new named plaintiffs did not allege a claim for breach of express or implied warranty, their claims under the Magnuson-Moss Warranty Act also fail. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) ("[d]isposition of the state law warranty claims determines the disposition of the Magnuson-Moss Act claims."). Thus, any amendment to the Magnuson-Moss Warranty Claim is futile.

### IV. Fish's request for leave to further amend the complaint should be denied.

For the reasons discussed above, the Court should deny Plaintiff's Motion to Amend. But even if the Court grants Plaintiff's Motion to Amend, it should deny his "request for leave to add additional named plaintiffs and to include narratives consistent with the proposed First Amended Complaint within thirty (30) days of this Court's responsive order." Dkt. 30-1 at 1. To the extent Fish believes an additional amendment is appropriate, he must abide by the applicable rules and file a motion for leave to amend attaching the proposed amended complaint so Tesla has an opportunity to oppose the motion to amend and the Court has an opportunity to rule on the motion. *See* Dkt. 38 at 6 (Standing Order). To do otherwise would deprive Tesla of an opportunity to fully contest a party presented motion for an order. *United States v.*

*Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (Courts "decide only questions presented by the parties")(internal citation omitted); *Largan v. Precision Co., Ltd. v. Fujinon Corp.*, No. 4:10-cv-01318-SBA, 2011 WL 1226040, at *5 (N.D. Cal. 2011) ("It is black letter law that a party seeking to obtain an Order from the Court does so by filing a motion"); Fed. R. Civ. P. 7(b)(1)(B)("A request for a court order must be made by motion. The motion must: … state with particularity the grounds for seeking the order").

## CONCLUSION

For the reasons described above, Plaintiff's Motion for Leave To Amend should be denied.

Dated: January 14, 2022

Respectfully submitted,
SHOOK, HARDY & BACON L.L.P.

By: */s/ Amir M. Nassihi*
    Amir M. Nassihi
    Michael L. Mallow
    Rachel A. Straus
    Joan R. Camagong

    Attorneys for Defendant
    TESLA INC.