UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#23/30(02/04)

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-060 PSG (JDEx) | Date | January 28, 2022 |
|---|---|---|---|
| Title | Robert Fish v. Tesla, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Plaintiff's motion for leave to amend and DENYING AS MOOT Defendant's motion for judgment on the pleadings.

    Before the Court are two motions. The first is a motion for leave to file an amended complaint filed by Plaintiff Robert Fish ("Plaintiff"). *See generally* Dkt. # 30 ("*Mot. I*"). Defendant Tesla, Inc. ("Defendant") opposed. *See generally* Dkt. # 44 ("*Opp.*"). Plaintiff replied. *See generally* Dkt # 47 ("*Reply*"). Defendant also filed a motion for judgment on the pleadings. *See generally* Dkt. # 23 ("*Mot. II*"). Plaintiff opposed. *See generally* Dkt. # 32. Defendant replied. *See generally* Dkt. # 33. The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having consider the moving, opposing, and reply papers for each motion, the Court **GRANTS** Plaintiff's motion for leave to amend and **DENIES AS MOOT** Defendant's motion for judgment on the pleadings.

I.    Background

    Plaintiff purchased a new "Tesla Model S 85" electric vehicle from Defendant in 2014. *See Complaint*, Dkt. #1 ("*Compl.*"), ¶¶ 6, 11. Plaintiff noticed that his battery performed consistently at "less than 70% of the represented battery capacity." *Id.* ¶ 21. As such, Plaintiff attempted to replace what he perceived to be a defective battery under his vehicle's warranty, but Defendant refused after performing a "battery health check" and determining that the battery was "fine." *Id.* ¶ 25. Plaintiff further alleges that Defendant conceals its vehicles' failing battery capacities by pushing out software updates to consumers without their authorization to trick them into thinking that any diminution in battery capacity is "due to software updates instead of failing batteries." *Id.* ¶¶ 27, 47–66. In addition to his "Model S," Plaintiff asserts that three other Tesla vehicle models have comparably defective batteries—Models X, 3, and Y. *See id.* ¶¶ 8, 79–100.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-060 PSG (JDEx) | Date | January 28, 2022 |
|---|---|---|---|
| Title | Robert Fish v. Tesla, Inc. | | |

Plaintiff filed a putative class action complaint in January 2021, advancing three causes of action:

> First Cause of Action: Violation of the Computer Fraud Abuse Act, 18 U.S.C. §§ 1030, et seq. *Compl.* ¶¶ 117–35.
>
> Second Cause of Action: Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq. *Compl.* ¶¶ 136–54.
>
> Third Cause of Action: Violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790, et seq. *Compl.* ¶¶ 155–71.

Defendant answered, *see generally* Dkt. # 11, and shortly thereafter filed the instant motion for judgment on the pleadings, *see generally Mot. II*. While that motion was pending, Plaintiff's counsel interviewed hundreds of potential class members, many of whom expressed interest in being named plaintiffs. *Mot. I* 1:7–10. As a result, Plaintiff filed the instant motion for leave to amend to add four named plaintiffs for each vehicle Model and to "add narratives from interviewed putative class members." *Id.* 1:14–19.

II.     Legal Standard

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In light of the federal policy favoring the determination of cases on their merits, the policy of granting leave is to be applied with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Factors that may justify denying a Rule 15(a)(2) motion include undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to amend." *Eminence Cap., LLC*, 316 F.3d at 1052 (emphasis omitted).

Once a court enters a pre-trial scheduling order, however, motions for leave to amend the pleadings are governed by Federal Rule of Civil Procedure 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Under Rule 16, a party seeking to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-060 PSG (JDEx) | Date | January 28, 2022 |
|---|---|---|---|
| Title | Robert Fish v. Tesla, Inc. | | |

amend a pleading after the date specified in a scheduling order must first show "good cause" for modifying the scheduling order. *Id*. at 609 ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." (internal citation omitted)). Upon a showing of "good cause," the party seeking amendment must then demonstrate that amendment is proper under Rule 15(a). *See id.* at 607.

III. Discussion

The Court addresses in turn (A) Plaintiff's motion for leave to file an amended complaint and (B) Defendant's motion for judgment on the pleadings.

    A.    <u>Plaintiff's Motion for Leave to File an Amended Complaint</u>

Defendant argues that the Court should deny Plaintiff's motion for leave to amend because (i) Plaintiff has not first demonstrated "good cause" to modify the scheduling order under Federal Rule of Civil Procedure 16, and (ii) because amending the complaint is improper under Federal Rule of Civil Procedure 15. *See generally Opp.* The Court addresses each argument in turn.

        *i.*    *Federal Rule of Civil Procedure 16*

Defendant claims that Plaintiff's motion for leave to amend should be denied because Plaintiff failed to address the threshold issue of "good cause" to modify the scheduling order. *Opp.* 3:2–5:2. The Court disagrees.

Under Rule 16, a party seeking to amend a pleading *after the date specified in a scheduling order* must first show "good cause" for modifying the scheduling order. *See Johnson*, 975 F.2d at 609. However, if the motion for leave to amend is filed before the cutoff date specified in the scheduling order, there is no need to modify the scheduling order and thus no need to demonstrate "good cause" under Rule 16. *See id.* Here, Plaintiff moved for leave to amend on August 16, 2021—the last day to do so under the Court's scheduling order. *See Mot. I*; Dkt. # 26. Accordingly, there is no need to amend the scheduling order before considering Plaintiff's motion for leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-060 PSG (JDEx) | Date | January 28, 2022 |
|---|---|---|---|
| Title | Robert Fish v. Tesla, Inc. | | |

    *ii.*    *Federal Rule of Civil Procedure 15*

Defendant argues that amendment is improper under Rule 15 because amendment would prejudice Defendant, cause undue delay, and is futile. *Opp.* 5:3–9:17. The Court disagrees.

Courts typically consider five factors when determining whether leave to amend is warranted under Rule 15: (1) undue delay, (2) prejudice to the opposing party, (3) bad faith, (4) futility of any amendment, and (5) whether plaintiff has previously amended his complaint. *See Eminence Cap.*, 316 F.3d at 1051–52; *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation v. United States*, 90 F.3d 351, 355–56 (9th Cir. 1996). "Absent prejudice, or a strong showing of any of the [above] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052.

Prejudice to the opposing party is the most important factor in the Rule 15 analysis. *See Eminence Cap.*, 316 F.3d at 1052 ("[I]t is the consideration of prejudice to the opposing party that carries the greatest weight" as "[p]rejudice is the touchstone of the inquiry under Rule 15(a)" (cleaned up)). Here, Defendant states in conclusory fashion that Plaintiff's proposed amendment would prejudice Defendant and that Plaintiff has not "done anything to show how [Defendant] would not be prejudiced." *Opp.* 5:3–25. However, it is well settled that the party opposing amendment "bears the burden of showing prejudice." *Eminence Cap.*, 316 F.3d at 1052 (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987)). Defendant has not carried that burden, and the Court thus finds that Defendant would not be prejudiced by amendment.

Turning next to undue delay, Defendant relies on *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (1999) for the proposition that there is undue delay "when no reason is given for the delay." *Opp.* 5:17–25. But the Ninth Circuit found delay relevant in *Lockheed* because the motion to amend came "several months" after the deadline without any explanation. *Id.* Here, in stark contrast, Plaintiff timely moved to amend his complaint before the deadline to do so passed. *See generally* Dkt. # 26. And, in any event, Defendant acknowledges that "delay is not a dispositive factor in the amendment analysis." *Opp.* 5:17–18 (quoting *Lockheed*, 194 F.3d at 986).

Turning last to futility of amendment, there is a "general preference against denying a motion for leave to amend based on futility." *Green Valley Corp v. Caldo Oil Co.*, No. 09-CV-4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011). Amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-060 PSG (JDEx) | Date | January 28, 2022 |
|---|---|---|---|
| Title | Robert Fish v. Tesla, Inc. | | |

and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *see also Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) (explaining that amendment is futile if the amendments could not "withstand dismissal *as a matter of law*" (emphasis added)).

Here, Defendant advances numerous arguments to suggest that Plaintiff's proposed amendments would not withstand a motion to dismiss. *See Opp.* 6:12–9:17. But many of these arguments are premised on factual insufficiency, which is not enough to establish futility of amendment. *See Kroessler*, 977 F.3d at 815. Defendant also argues that the new named plaintiffs have not demonstrated that they can bring their claims in court rather than through arbitration. *Opp.* 6:12–21. But this is again an improper attempt to shift Defendant's own burden to Plaintiff. *See Norcia v. Samsung Telecoms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) (indicating it is the party seeking to compel arbitration that bears the burden of proving the existence of an agreement to arbitrate). And as to Defendant's remaining arguments, the Court cannot definitively say that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *See Miller*, 845 F.2d at 214.

Accordingly, because leave to amend should be granted with "extreme liberality," *Eminence Cap.*, 316 F.3d at 1051, and because Defendant has not made "a strong showing" that that any of the Rule 15 factors overcome the "presumption . . . in favor of granting leave to amend," *see id.* at 1052, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint.

B.   Defendant's Motion for Judgment on the Pleadings

Because the Court has granted Plaintiff's motion for leave to file an amended complaint, Defendant's motion for judgment on the pleadings is **DENIED AS MOOT**. *See Freeman v. City of Port Hueneme*, No. CV 16-7172 JAK (GJSx), 2017 WL 11635405, at *5 (C.D. Cal. Aug. 11, 2017).

IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint and **DENIES AS MOOT** Defendant's motion for judgment on the pleadings. Plaintiff may file an amended complaint no later than **February 4, 2022**. Failure to do so will result in dismissal of this action without prejudice.

**IT IS SO ORDERED.**